# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No.:3:15-00037-002 |
| | ) | Judge Campbell |
| BENJAMIN BRADLEY | ) | |

## REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS WIRETAPS

**COMES NOW** the Defendant **Benjamin Bradley**, by and through his undersigned counsel, pursuant to 18 U.S.C. § 2515, and files this Reply to the Government's Response to his Motion to Suppress all evidence derived from the wiretaps of TT3, TT7, TT8, and TT9. The affidavits and applications did not meet the "necessity" requirement contained in Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520Title III ("Title III").

### THE AFFIDAVITS ARE "CUT AND PASTE" BOILERPLATE

In defense of its illegal wiretaps, the Government points to the sheer of volume of pages submitted:

> The wiretap affidavits—which were 101 and119 pages, respectively—devoted dozens of pages to the discussion of alternative law enforcement techniques that were either used or considered in this case before seeking authorization for a wiretap, thereby demonstrating that wiretaps were not being "employed as the initial step in criminal investigation." *United States v. Alfano*, 838 F.2d 158 (6th Cir. 1988) (internal quotation marks omitted).

If the pages were truly devoted to the facts of this case and the agents informed opinions, the Government's argument might bear consideration. The affidavits however, contained almost no original material. The language was almost entirely recycled from a previous affidavit in an

unrelated case. Although the use of boilerplate does not necessarily invalidate an affidavit, the extensive "cutting and pasting" here shows that law enforcement is improperly using the wiretap as a "routine initial step" attempting to meet the "necessity requirement" by referring to the generic problems inherent in drug investigations rather than a legitimate discussion of the techniques used or considered in particular cases.

The first 70 pages of the affidavit submitted by Drug Task Force Officer Robert Teasley addressing TT1 through TT5 is devoted to introducing and establishing probable cause, an issue not addressed in Mr. Bradley's motion to suppress. Pages 70 through 96 of DTO Teasley's affidavit address the need for interception. Of those 26 pages, nearly every sentence is identical to a prior affidavit submitted by DTO Teasley's colleague at the Drug Enforcement Administration, Special Agent Matthew Chance in an entirely unrelated drug case. Attached to this Reply as Exhibit 1 is a chart comparing the necessity language contained in DTO Teasley's affidavit with the language submitted by SA Chance in *United States v. Cooper*, Case 3:14-cr-00090, Document 455-1, Page ID#1167. The only language that truly differs are the few specific examples given of target behavior. It bears emphasis that, as stated in the original motion, almost none of these examples relate to Mr. Bradley or to the alleged Detroit, Michigan based drug trafficking organization.

It is striking how often DTO Teasley finishes the sentence "it is your affiant's belief" with verbatim assertions taken from SA Chance's affidavit. The Government flaunts the requirements of 18 U.S.C. § 2518(1)(c) and the constitutional protections it embodies when a law enforcement agent provides sworn testimony to the court purporting to contain his own beliefs and conclusions in order to obtain judicial sanction for a significant invasion of privacy when, in fact, he has simply copied a previous affidavit. The only reason that undersigned counsel is aware of the similarity of the affidavits is the coincidence that counsel was appointed

on both cases. The fact that counsel has randomly uncovered this instance of "cut-and-paste" law enforcement begs the question of how often this practice really occurs.

## United States v. Wright

The Government asserts that because, pursuant to the unpublished *Wright* decision, the necessity argument is directed to the objective of the investigation as a whole, not to any particular person. Even if this unpublished decision is accepted as the applicable legal standard, the affidavits fail to meet that standard. The documents simply fail to show necessity for the investigation as a whole. The Government failed to demonstrate that ordinary investigative techniques would not disclose information covering the scope of the drug trafficking enterprise under investigation. DTO Teasley took language lifted from another affidavit, applied it to the Tennessee conspirators, and asked the court to find that ordinary techniques would be insufficient to investigate the role of the Michigan conspirators. There is no logical reason to conclude that the obstacles to traditional investigation techniques allegedly encountered with the Tennessee based DTO would necessarily be encountered when investigating the Michigan based organization.

In any event, the facts in *Wright* are not applicable to those currently before the Court. In the *Wright* case, Anthony Treggs employed Jeremy Duncan as a drug courier. The evidence established close coordination between Treggs and Duncan. *Wright* at 9. Although Duncan challenged the necessity of the wiretap, Treggs did not. Unlike the case before the Court, it was perfectly reasonable to conclude that if it was necessary to intercept Treggs' phones, the necessity argument would apply to his close compatriot. Here, however, the investigation of Mr. Bradley was not closely tied to that of the Tennessee conspirators. There is no reason given why

the Court should have assumed that ordinary investigative techniques would be inadequate based only on language that, at most, applied to the Tennessee conspirators.

## **RELIEF REQUESTED**

The Defendant, Benjamin Bradley, hereby requests this honorable court suppress the contents of all communications recorded during the interception of TT3, TT7, TT8, and TT9 and all evidence derived therefrom.

Respectfully submitted,

/s/ James E. Mackler
James E. Mackler (BPR #024855)
BONE MCALLESTER NORTON
511 Union Street, Suite 1600
Nashville, TN 37219
(615) 238-6312 (phone)
(615) 248-4668 (facsimile)
jmackler@bonelaw.com

## **CERTIFICATE OF SERVICE**

       I, the undersigned, do hereby certify that a true and correct copy of the foregoing document was served either by electronic mail, the Court's EM/ECF system, or by First Class United States Postal Mail with sufficient postage thereunto attached to ensure delivery, to the following party of record:

Cecil W. VanDevender
Office of the United States Attorney
110 Ninth Avenue, South, Suite A961
Nashville, TN 37203-3870
cecil.vandevender@usdoj.gov

this the 10th of July, 2015.

                                                /s/James E. Mackler