UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | No. 3:15-CR-37 |
| ) | Judge Campbell |
| BENJAMIN BRADLEY ) | |
| Defendant. ) | |

## MOTION and MEMORANDUM IN SUPPORT
## FOR ISSUANCE OF SUBPOENA DUCES TECUM

Comes now the Defendant in the above-captioned cause and moves the court for an order for the issuance of a *subpoena duces tecum* on the ground that Dr. Madhu Mendiratta MD has in her possession mental-health records which are material evidence in the matter before the court. As set forth more fully below, the mental health records of Pamela O' Neal are relevant to this action and necessary for the Defendant to fully exercise his Sixth Amendment right to confront the witnesses testifying against him.

The Defendant entered a plea of guilty in the above captioned case and is awaiting sentencing. Pamela O'Neal is a co-defendant. Based on material contained in the presentence report and on conversations with the Assistant U.S. Attorney, the Defendant anticipates that Ms. O'Neal will be called as a witness at the Defendant's sentencing hearing. More specifically, Ms. O'Neal's testimony will be critical to the highly contested issue of drug quantity and, therefore, to the Defendant's sentencing guideline range. There is little if any corroboration for the drug quantity calculation contained in the PSR other than statements made by Ms. O'Neal.

Based on the Defendant's observations of Ms. O'Neal, his conversations with her, and conversations with acquaintances of Ms. O'Neal, the defendant has reason to believe that Ms. O'Neal suffers from mental illness to an extent that would cause a reasonable person to question her credibility. By information and belief, she has been treated by Dr. Madhu Mendiratta. Dr. Mendiratta will likely, therefore, possess information critical the defendant.

Mental illness can be relevant to a witness's credibility, *Boggs v. Collins*, 226 F.3d 728 (6th Cir. 2000) citing *United States v. Butt*, 955 F.2d 77, 82 (1st Cir.1992); *United States v. Lindstrom*, 698 F.2d 1154, 1161–64 (11th Cir.1983). Courts hold that the decision of whether or not to allow in evidence of a witness's mental illness falls within the broad discretion of trial courts as they balance possible prejudice versus probative value. *See, e.g., United States v. Moore,* 923 F.2d 910, 913 (1st Cir.1991) (stating that the district court "has broad discretionary authority to prohibit cross-examination," including the extent to which it allows examination about a witness's condition of mental instability)(Breyer, C.J.); *United States v. Bari,* 750 F.2d 1169, 1178–79 (2d Cir.1984) (finding no abuse of discretion when trial judge would not permit cross-examination on witness's prior hospitalization for schizophrenia); *United States v. Smith,* 77 F.3d 511, 516 (D.C.Cir.1996) ("Of course, a history of mental illness is not necessarily admissible as impeachment evidence.").

Although the societal interest in guarding the confidentiality of communications between a therapist and his or her client is significant, it does not outweigh the need for effective cross-examination of this key government witness at the criminal trial. *See generally Jaffee v. Redmond,* 518 U.S. at 9-10, 116 S.Ct. 1923 (question of whether to recognize federal common law privilege under Rule 501 in light of reason and experience is whether privilege " 'promotes sufficiently important interests to outweigh the need for probative evidence' "). Unlike the

circumstance at issue in *Jaffee*, this case involves a criminal sentencing hearing involving the medical records of a key government witness.

The evidentiary benefit of allowing access to such medical records to defense counsel in order to effectively prepare and cross examine Ms. O'Neal is great. *Cf. Jaffee v. Redmond,* 518 U.S. at 11, 116 S.Ct. 1923 (noting that "evidentiary benefit that would result from the denial of the privilege is modest"). Mental disorders are highly probative of credibility and may materially affect the accuracy of a witness' testimony. *United States v. Lindstrom*, 698 F.2d 1154, 1159 (11th Cir. 1983) ("conservative list" of mental defects that "materially affect the accuracy of testimony" includes "drug addiction"). Information about Ms. O'Neal's mental health will assist the Court in evaluating her ability to testify accurately and to perceive and recall events accurately.

A proposed *subpoena duces tecum* is attached hereto for the consideration of the Court.

Respectfully submitted,

/s/ James E. Mackler
James E. Mackler (BPR #024855)
FROST BROWN TODD LLC
150 3RD Avenue South, Suite 1900
Nashville, TN 37201
(615) 251-5569 (phone)
(615) 251-5551 (facsimile)
jmackler@fbtlaw.com

## CERTIFICATE OF SERVICE

      I certify that I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following, this 16th day of September, 2016:

Cecil VanDevender
Assistant United States Attorney
110 9th Ave. So.
Suite A-961
Nashville, TN 37203

                                        /s/ James E. Mackler

0132236.0629976  4820-5992-7352v2