| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cr-00037-2 |
| | ) | |
| BENJAMIN BRADLEY, | ) | Judge Campbell |
| | ) | |
| Defendant. | ) | |
| | ) | |

## UNITED STATES' RESPONSE TO BRADLEY'S MOTION FOR SUBPOENA *DUCES TECUM*

The government respectfully submits this response to Defendant Benjamin Bradley's

motion for issuance of a subpoena *duces tecum*, seeking the mental-health records of co-defendant

Pamela O'Neal. (DE# 579.) In addressing this motion, the Court is called upon to balance various

competing interests. On one hand, the Court must protect Bradley's right to a fair and reliable

sentencing hearing. On the other hand, the Court must protect O'Neal's right to privacy, which

includes protection of her right to seek mental-health treatment, which is protected by the

psychotherapist-patient privilege. *Jaffee v. Redmond*, 518 U.S. 1 (1996). As the Supreme Court

has explained, "[t]he mental health of our citizenry, no less than its physical health, is a public

good of transcendent importance," and its effective treatment "depends upon an atmosphere of

confidence and trust in which the patient is willing to make a frank and complete disclosure of

facts, emotions, memories, and fears." *Id.* at 10-11. This atmosphere of trust would be

"eviscerate[d]" if mental-health records were generally discoverable or subjected to review and

case-by-case balancing. *Id.* at 17-18.

Protection of Bradley's right to a fair and reliable sentencing hearing can largely be

addressed through adequate cross-examination. That is, Bradley should be permitted to ask

witnesses about any mental-health issues that affect their ability to remember or perceive. *See United States v. Adams*, 722 F.3d 788, 834 (6th Cir. 2013). He may also be permitted to inquire on cross-examination about mental-health issues that are so severe as to effect the witnesses' competency, motive, or bias. *See Boggs v. Collins*, 226 F.3d 728, 742 (6th Cir. 2000). In addition, the government will disclose (pursuant to its *Giglio* obligations) any information in its possession that would tend to reflect on a government witness's memory, competency, motive, or bias.

It does not follow, however, that Bradley should also be allowed to subpoena the mental-health records of any witness, in the hope that those records might bolster a particular line of cross-examination. "Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *United States v. Nixon*, 418 U.S. 683, 701 (1974). A "[d]efendant's ability to cross-examine [a witness] does not include the power to require the pretrial disclosure of the [witness's mental-health] records because the records might be useful in contradicting unfavorable testimony." *United States v. Schrader*, 716 F. Supp. 2d 464, 473-74 (S.D.W. Va. 2010).

This is particularly true where the request for the subpoena appears to be based on little more than the unelaborated assertion that Bradley "has reason to believe that Ms. O'Neal suffers from mental illness to an extent that would cause a reasonable person to question her credibility." (DE# 579 at PageID #: 1674.) As the Eighth Circuit has explained under similar circumstances, a request for a subpoena *duces tecum* seeking a witness's mental-health records should be denied if it fails "to identify by name the documents desired" and rests on "conjecture as to the contents of the materials that might have turned up." *United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996). That rule would appear to apply here, as Bradley's request "exemplifie[s] his 'mere hope' that the desired documents would produce favorable evidence." *Id.* Indeed, counsel for Ms. O'Neal

2

has indicated that, contrary to Bradley's "belief," she does not in fact see Dr. Mendiratta for mental-health treatment and does not "suffer from any mental health disability." (DE# 626 at PageID #: 1822-23.) This response supports the conclusion that Bradley's request is a "fishing expedition" based on a "mere hope" of favorable results, rather than a proper request for specific, identifiable documents. *Id.* at 1283-84. Indeed, if a party could subpoena a witness's mental-health records simply by asserting that he has reason to believe that the witness may suffer from unidentified mental-health issues, it would seem that these sensitive, protected records would be discoverable in nearly every case.

Accordingly, the government respectfully submits that Bradley's motion should be denied. In the alternative, the government submits that if the Court grants the motion for the subpoena, the Court should examine *in camera* any documents produced in response to the subpoena, in order to determine whether their disclosure is warranted under the circumstances.

Respectfully submitted,

DAVID RIVERA
United States Attorney for the
Middle District of Tennessee

s/ *Cecil W. VanDevender*
Cecil W. VanDevender
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203
615-736-5151

3

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2016, I sent a copy of the foregoing via the Court's electronic filing system to James Mackler, counsel for Benjamin Bradley.

*s/ Cecil VanDevender*
CECIL VANDEVENDER