UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 3:15-CR-37 |
| | ) | Judge Campbell |
| BENJAMIN BRADLEY | ) | |
|     Defendant. | ) | |

**REPLY TO UNITED STATES' RESPONSE
TO BRADLEY'S MOTION FOR SUBPOENA *DUCES TECUM***

Comes now the Defendant, Ben Bradley, and submits the following Reply to the United States' Response to his Motion for a *Subpoena Duces Tecum*.

The government asserts that, when balancing the competing interests at stake, the Court should give more weight to Ms. O'Neal's right to privacy than to Mr. Bradley's right to a fair and reliable sentencing hearing. This greatly understates what is at stake for Mr. Bradley. Ms. O'Neal's uncorroborated statements form the entire foundation for the outrageously long and substantively unreasonable guideline sentence contained in the presentence report. Her credibility may prove to be the pivotal issue at Mr. Bradley's sentencing hearing.

Although the issue is not entirely settled, it is clear that the psychotherapist-patient privilege must, in some instances, yield to a defendant's sixth amendment right. See e.g., *Bassine v. Hill*, 450 F.Supp.2d 1182, 1185–86 (D.Oregon 2006) (distinguishing Jaffee as a civil case, and holding that the habeas petitioner's rights of confrontation, cross–examination, and due process outweighed the psychotherapist–patient privilege); *United States v. Mazzola*, 217 F.R.D. 84, 88 (D.Mass.2003) (holding that the societal interest in guarding the confidentiality of communications

1

between a therapist and client were outweighed by a criminal defendant's constitutional right to effectively prepare and cross examine a witness); *United States v. Alperin*, 128 F.Supp.2d 1251, 1253 (N.D.Cal.2001); *United States v. Hansen*, 955 F.Supp. 1225, 1226 (D.Mont.1997) (finding that the defendant's need for the privileged material outweighed the interests of the deceased victim and the public in preventing disclosure).

It also bears emphasis that Mr. Bradley seeks the use of these records at sentencing, not at trial. In making its sentencing decision, the district court may consider relevant information [including mental health records] without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." *United States Sentencing Guidelines Manual,* § 6A1.3(a), p.s. *269 (2014). *See also United States v. Nichols,* 438 F.3d 437 (4th Cir.2006) (recognizing that otherwise inadmissible evidence may sometimes be considered for sentencing purposes). *United States v. Wiggins*, 617 F. App'x 266, 268–69 (4th Cir. 2015).

Moreover, "[l]ike all testimonial or evidentiary privileges, the psychotherapist-patient privilege must be strictly construed." *United States v. Bolander,* 722 F.3d 199, 222 (4th Cir.2013). Although defense counsel has seen Ms. O'Neal's presentence investigation report, it is fair to assume that she, like most defendants, waived her patient/psychotherapist privilege for the purposes of the PSR. "A patient may waive the psychotherapist-patient privilege by knowingly and voluntarily relinquishing it." *Bolander,* 722 F.3d at 223. "A waiver may occur when the substance of therapy sessions is disclosed to unrelated third parties or when the privilege is not properly asserted during testimony." *Id.* (internal quotation marks and citation omitted). Further,

the person invoking the privilege has the burden of demonstrating its applicability, including the absence of any waiver of it. *Id.*

The defendant has no objection to the court conducting an *in camera* inspection of the requested records.

Respectfully submitted,

/s/ James E. Mackler
James E. Mackler (BPR #024855)
FROST BROWN TODD LLC
150 3RD Avenue South, Suite 1900
Nashville, TN 37201
(615) 251-5569 (phone)
(615) 251-5551 (facsimile)
jmackler@fbtlaw.com

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following, this 10th day of October, 2016:

Cecil VanDevender
Assistant United States Attorney
110 9th Ave. So.
Suite A-961
Nashville, TN 37203

                                              /s/ James E. Mackler

0132236.0629976   4852-4202-7066v2