UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:15-00037 |
| | ) | JUDGE CAMPBELL |
| BENJAMIN BRADLEY | ) | |

## ORDER

Pending before the Court is Defendant Bradley's Motion For Issuance Of Subpoena Duces Tecum (Docket No. 579). Through the Motion, the Defendant seeks the issuance of a *subpoena duces tecum* to obtain the mental health records of Co-Defendant Pamela O'Neal from Dr. Madhu Mendiratta M.D. The Defendant indicates that he anticipates Defendant O'Neal will testify at his sentencing hearing regarding the contested issue of drug quantity. The Motion further states:

> Based on the Defendant's observations of Ms. O'Neal, his conversations with her, and conversations with acquaintances of Ms. O'Neal, the defendant has reason to believe that Ms. O'Neal suffers from mental illness to an extent that would cause a reasonable person to question her credibility. By information and belief, she has been treated by Dr. Madhu Mendiratta. Dr. Mendiratta will likely, therefore, possess information critical to the defendant.

(Docket No. 579, at 2).

In her Response (Docket No. 626) to the Motion, Co-Defendant O'Neal states that Dr. Mendiratta is her primary care physician and has no mental health records regarding Ms. O'Neal. Defendant O'Neal further states that she is not currently under the care of any mental health professional, and she does not suffer from any mental health disability.

In its Response (Docket No. 634), the Government indicates that it will disclose to Defendant Bradley any *Giglio* [Giglio v. United States, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972)] information in its possession, and that Defendant Bradley is not otherwise entitled to

subpoena the mental health records of a witness at sentencing.

In his Reply (Docket Nos. 637, 639), Defendant Bradley challenges the case law cited by the Government, but does not otherwise contradict the statements made in Defendant O'Neal's response.

Rule 17(c) of the Federal Rules of Criminal Procedure provides, in pertinent part, as follows:

> (c) Producing Documents and Objects.
>
> > (1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

The four elements that a requesting party must meet in order to compel production under Rule 17(c) are: (1) the documents are evidentiary and relevant; (2) the documents are not otherwise procurable by exercise of due diligence; (3) the party cannot properly prepare for trial without such production; and (4) the application is made in good faith and is not intended as a general "fishing expedition." United States v. Nixon, 418 U.S. 683, 699, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1979). See also United States v. Vassar, 346 Fed. Appx. 17, 24 (6th Cir. 2009); United States v. Hughes, 895 F.2d 1135, 1146 (6th Cir. 1990). A *subpoena duces tecum* is not intended to provide a means of discovery in criminal cases. Nixon, 418 U.S. at 698.

Co-Defendant O'Neal's filing indicates that Dr. Mendiratta is her primary care physician and that she has no mental health records regarding Defendant O'Neal. Defendant Bradley has not challenged this statement and has not otherwise suggested, beyond mere conjecture, that such records exist. Under these circumstances, the Court concludes that issuance of the requested

subpoena to Dr. Mendiratta would amount to a fishing expedition, and would not otherwise satisfy the requirements set forth above. Therefore, Defendant Bradley's Motion For Issuance Of A Subpoena Duces Tecum (Docket No. 579) is DENIED.

Defendant Bradley is free to renew his request for records if additional information comes to light indicating that such records exist, and the Government will be held to its representation that *Giglio* material will be provided to Defendant Bradley as required by law. Given the Court's disposition, it is unnecessary to address the issue of whether Defendant Bradley is otherwise entitled to view the mental health records of a witness expected to be called at sentencing.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE