UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:15-cr-00037-2 |
| ) | |
| BENJAMIN BRADLEY, ) | Judge Campbell |
| ) | |
| Defendant. ) | |
| ) | |

### UNITED STATES' RESPONSE TO BRADLEY'S
### RENEWED MOTION FOR SUBPOENA *DUCES TECUM*

The government respectfully submits this response to Defendant Benjamin Bradley's renewed motion for issuance of a subpoena *duces tecum*, seeking an expanded list of information related to the medical records of co-defendant Pamela O'Neal. (DE# 656.) Bradley previously filed a motion seeking O'Neal's mental-health records (DE# 579), and the Court denied that motion, "conclud[ing] that issuance of the requested subpoena . . . would amount to a fishing expedition, and would not otherwise satisfy the requirements" for issuing a subpoena under Rule 17(c). (DE# 641 at PageID #: 1859-60.) Bradley's renewed motion asserts that his request is not a fishing expedition and is based on new information.[1]

When O'Neal testifies at sentencing, Bradley will be free to employ all of the usual methods of impeaching a witness, including confronting her with any prior inconsistent statements, and inquiring into any facts that could bear on her ability to perceive or recall the subject at issue

---

[1] It should be noted that Bradley has also filed an opposition to the government's motion to continue his sentencing hearing. There would seem to be some tension between Bradley's statement, on one hand, that "[e]ffective cross-examination" of O'Neal "require[s]" him to subpoena and review her medical records—a process that will undoubtedly take weeks or months—and his position, on the other hand, that he demands to proceed with the sentencing hearing on November 9. Nevertheless, the government will assume *arguendo* that his opposition to the motion to continue does not constitute an abandonment of his motion for a subpoena.

in her testimony. Bradley's motion, however, is based on the contention that these normal modes of cross-examination will not suffice, and that he must also be given access to O'Neal's private medical records, because those records, if they exist, *might* reveal certain facts that, if true, *could* assist him in his cross-examination. But as the government has previously noted, "the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *United States v. Nixon*, 418 U.S. 683, 701 (1974). A "[d]efendant's ability to cross-examine [a witness] does not include the power to require the pretrial disclosure of the [witness's mental-health] records because the records might be useful in contradicting unfavorable testimony." *United States v. Schrader*, 716 F. Supp. 2d 464, 473-74 (S.D.W. Va. 2010).

Bradley's renewed motion does not change the fundamental fact that he is simply fishing for evidence that could theoretically bolster his cross-examination of O'Neal. For example, Bradley bases his renewed motion on evidence about prescription pills that were seized from the house where O'Neal lived—a house that Bradley owned and that was used as a stash house during this large-scale pill conspiracy. Bradley asserts that these prescriptions show that one of two things must be true. First, he posits that if O'Neal legitimately needed and was taking the seized pills, then the underlying medical records could provide helpful information about her mental condition, or (depending on the listed side effects) provide extrinsic evidence that could cast doubt on any testimony about her ability to perceive and recall. Alternatively, Bradley posits that if O'Neal did not legitimately need the pills, then the medical records could potentially show that she lied to the doctors in order to get the pills. (Indeed, as the government has already disclosed to Bradley, O'Neal has stated that she procured the pills at Bradley's direction, for him to sell, by falsely telling the doctors that she needed them.)

2

Case 3:15-cr-00037   Document 707   Filed 11/01/16   Page 2 of 4 PageID #: 2182

Again, Bradley is free to inquire about these facts during cross-examination. But there is no basis for him to have access to all of her medical records just on the hope that, if she does testify to that effect, he might be able to find contradictory medical records, which he could then use as extrinsic evidence to conduct a mini-trial on her credibility. Bradley insists that O'Neal's credibility and ability to recall will be important at sentencing. But he can address those topics in the course of a normal cross-examination; the fact that he "has reason to believe" that O'Neal may suffer from mental health issues, and the fact that pills were found in her house under her name, does not provide a basis to discover her private, protected medical records.

Accordingly, the government respectfully submits that Bradley's renewed motion is not materially different from his original motion, and should likewise be denied. As before, the government submits, in the alternative, that if the Court grants the motion for the subpoena, the Court should examine *in camera* any documents produced in response to the subpoena, in order to determine whether their disclosure is warranted under the circumstances.

Respectfully submitted,

DAVID RIVERA
United States Attorney for the
Middle District of Tennessee

s/ *Cecil W. VanDevender*
Cecil W. VanDevender
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203
615-736-5151

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2016, I sent a copy of the foregoing via the Court's electronic filing system to James Mackler, counsel for Benjamin Bradley.

*s/ Cecil VanDevender*
CECIL VANDEVENDER
