UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:15-00037 |
| | ) | JUDGE CAMPBELL |
| BENJAMIN BRADLEY | ) | |

ORDER

Pending before the Court are Defendant Bradley's Renewed Motion For Issuance Of

Subpoena Duces Tecum (Docket No. 656), and the Government's Response (Docket No. 707) in

opposition. Through the Motion, the Defendant again seeks the issuance of a *subpoena duces*

*tecum* to obtain the medical and mental health records of Co-Defendant Pamela O'Neal, who is

expected to testify at the Defendant's sentencing hearing regarding the contested issue of drug

quantity. By previous Order (Docket No. 641), the Court denied the Defendant's earlier request

for Ms. O'Neal's mental health records because he had not shown that such records exist.

Through the Renewed Motion, the Defendant contends that discovery documents indicate

certain prescription pill bottles and other items seized from Ms. O'Neal's residence provide a

basis for believing she has mental health issues that would affect her credibility as a witness at

sentencing. Based on those documents, the Defendant requests that the Court order the

Government "to immediately disclose the names of all prescribing physicians listed on Ms.

O'Neal's prescription pill bottles and in the Cigna Medicare records and that the Court issue

subpoenas to these physicians to produce Ms. O'Neal's medical records." (Docket No. 656, at

5).     As stated in the Court's previous Order, Rule 17(c) of the Federal Rules of Criminal

Procedure provides, in pertinent part, as follows:

(c) Producing Documents and Objects.

(1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

The four elements that a requesting party must meet in order to compel production under Rule 17(c) are: (1) the documents are evidentiary and relevant; (2) the documents are not otherwise procurable by exercise of due diligence; (3) the party cannot properly prepare for trial without such production; and (4) the application is made in good faith and is not intended as a general "fishing expedition." United States v. Nixon, 418 U.S. 683, 699, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1979). See also United States v. Vassar, 346 Fed. Appx. 17, 24 (6th Cir. 2009); United States v. Hughes, 895 F.2d 1135, 1146 (6th Cir. 1990). A *subpoena duces tecum* is not intended to provide a means of discovery in criminal cases. Nixon, 418 U.S. at 698.

The Defendant has not shown that effective cross examination of Ms. O'Neal at his sentencing hearing requires production of her medical records. Accordingly, the Defendant's Renewed Motion (Docket No. 656) is DENIED. As stated in the Court's previous Order, the Government will be held to its representation that *Giglio* material will be provided to Defendant Bradley as required by law.

The Defendant may renew his motion, however, if Ms. O'Neal's testimony, or other evidence admitted at sentencing, indicates that effective cross examination requires her medical records and necessitates an adjournment of the sentencing hearing.

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

2