UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
At Nashville

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | No. <u>3:15CR00037</u> |
| | ) | Judge Trauger |
| BENJAMIN BRADLEY | ) | |
| | ) | |
| Defendant. | ) | |

## OBJECTION TO MOTION TO CONTINUE SENTENCING HEARING

The Defendant, through counsel, objects to the continuance requested by the government (DE# 845). The Court set clear filing guidelines in the above case. This included a requirement that any sentencing memorandums be filed at least seven days prior to sentencing. Defense counsel complied with this guideline, drafting his arguments without the benefit or opportunity to read or respond to any arguments made by the Government. Defendant relied on existing law, the PSR, previously submitted objections, and discovery. These are the same resources that were available to the Government.

The Government now asks the Court to change the rule book to its advantage, mid-game. Mr. VanDevender did not file a sentencing memorandum within the time frame required by the Court. Rather, he waited until he received the Defendant's memorandum and then asked for more time to craft a response. This puts the Defendant at a fundamental disadvantage, tipping the scales in favor the Government by allowing Mr. VanDevender to craft a point-by-point written rebuttal over an extended period of time.

It bears emphasis that nothing in the Defendant's memorandum is extraordinarily unique. Its length and depth reflects the life-changing consequences of the matter before the Court. Mr.

1

VanDevender had every opportunity over the extended period between plea and sentencing to take the same approach.

If granted, this would be the third time the Court has delayed this case at the Government's request and to the Defendant's detriment. He is an excellent candidate for a variety of BOP programs that he cannot access until sentenced. His family has planned, and cancelled two previous trips from Detroit to Nashville. These trips are expensive and inconvenient and place a heavy burden on people of modest means. Moreover, the psychological impact on Mr. Bradley and his family of preparing for sentencing and then facing last-minute delays is tremendous. It is cruel to continue this pattern.

For all of the above reasons, the Defendant requests the court first, deny the request for a hearing and, second, prohibit the Government from a late sentencing memorandum. The Government must be held to the same standards as the Defense.

Respectfully submitted,

s/ James E. Mackler
James E. Mackler (BPR #024855)
FROST BROWN TODD LLC
150 3rd Avenue South, Suite 1900
Nashville, Tennessee 37201
615.251.5569
615.251.5551 fax
jmackler@fbtlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was served via the Court's ECF system and via email, this 26th day of January, 2017.


Cecil VanDevender
Assistant United States Attorney
110 9th Ave. So.
Suite A-961
Nashville, TN 37203

                                                                               s/ James E. Mackler

0132236.0629976  4818-8233-6832v1