# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|     v. | ) | No.: 3:15-cr-00037-2 |
| | ) | JUDGE TRAUGER |
| **BENJAMIN BRADLEY** | ) | |
| | ) | |
|     **Defendant.** | ) | |

## PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As the result of the acceptance of guilty plea on Count One of the Indictment, for which the United States sought forfeiture pursuant to 21 U.S.C. §§ 853(a)(1) and (a)(2), Defendant Benjamin Bradley shall forfeit to the United States his interest in the following:

    A. pursuant to Title 21, United States Code, Section 853(a)(1), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violation of Title 21, United States Code, Section 846, including but not limited to a money judgment in an amount to be determined, representing the amount of gross drug proceeds obtained as a result of such offense;

    B. pursuant to Title 21, United States Code, Section 853(a)(2), any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.;

and further, as the result of the acceptance of guilty plea on Count Two of the Indictment, for which the United States sought forfeiture pursuant to 18 U.S.C. § 982(a)(1), Defendant shall forfeit to the United States his interest in the following:

    C. pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the violation of 18, United States Code, Section 1956(h) (conspiracy to commit money laundering), or any property traceable to such property including but not limited to proceeds of the violation and including but not limited to a money judgment in an

amount to be determined, representing the property involved in a violation of 18, United States Code, Section 1956(h) (conspiracy to commit money laundering), or any property traceable to such property.

including but not limited to:

**CURRENCY:**

1. Approximately $46,300.00 United States currency seized from 15540 Prevost Street, Detroit, Michigan on March 12, 2015;

2. Approximately $78,300.00 United States currency seized from 45669 Harmony Lane, Belleville, Michigan on March 12, 2015;

**REAL PROPERTY:**

3. Real property commonly known as 14425 Curtis, Detroit, MI 48235, and more particularly described in the attached Exhibit A to Bill of Particulars for Forfeiture of Real Property ("Exhibit A").

4. Real property commonly known as 14427 Curtis, Detroit, MI 48235, and more particularly described in Exhibit A.

5. Real property commonly known as 16617 Leisure, Detroit, MI 48235, and more particularly described in Exhibit A.

6. Real property commonly known as 15355 Ohio Street, Detroit, MI 48238, and more particularly described in Exhibit A.

7. Real property commonly known as 45669 Harmony Lane, Belleville, MI 48111, and more particularly described in Exhibit A.

(hereinafter collectively referred to as "Subject Property").

2. The Court has determined, based on the guilty plea and the statement of facts acknowledged by the defendant at the plea hearing, that the Subject Property is subject to forfeiture pursuant to 21 U.S.C. §§ 853(a)(1) and (a)(2) and 18 U.S.C. § 982(a)(1). Further the Government

has established by a preponderance of the evidence the requisite nexus between such property and such offense.

3. Upon the entry of this Order, the Attorney General (or his designee) is authorized to seize the Subject Property and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

4. Upon entry of this Order, the Attorney General (or his designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order, in accordance with Fed. R. Crim. P. 32.2.

5. Upon the issuance of the Preliminary Order of Forfeiture forfeiting the defendant's interest in the Subject Property, the United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General (or his designee) may direct on-line at "www.forfeiture.gov," the official internet government forfeiture site, for 30 consecutive days. The United States shall also, to the extent practicable, provide written notice to any person known to have alleged an interest in the Subject Property.

6. Any person, other than the above named defendant, asserting a legal interest in the Subject Property shall, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

3

Case 3:15-cr-00037   Document 858-1   Filed 01/31/17   Page 3 of 4 PageID #: 2757

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any third party motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third party interests, or, if none, following the expiration of the period provided by 28 U.S.C. § 2461(c) which incorporates by reference the pertinent provision of 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED on this _____ day of _____, 2017.

 

**ALETA A TRAUGER**
United States District Court