IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:15-cr-00037-2 |
| | ) | JUDGE TRAUGER |
| BENJAMIN BRADLEY | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION OF THE UNITED STATES FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE**

The United States of America has moved for the issuance of a Preliminary Order of Forfeiture of Defendant Benjamin Bradley's interest in certain property, listed below and referred to collectively as the "Subject Property." The Motion is supported by the District Court's acceptance of the defendant's plea of guilty to Counts One and Two of the Indictment in this case, and the facts of this case.

**FACTS:**

1. On March 3, 2015, the United States filed a Two Count Indictment against Defendant charging him at Count One with conspiracy to distribute and to possess with intent to distribute Oxycodone, Hydromorphone and Oxymorphone in violation of Title 21, United States Code, Section 846 and at Count Two with conspiracy to commit money laundering violation of Title 18, United States Code, Section 1956(h). (D.E. 3: Indictment).

2. The Forfeiture Allegations gave notice to the defendant that upon a finding of guilty as to Count One or Count Two:

A. pursuant to Title 21, United States Code, Section 853(a)(1), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violation of Title 21, United States Code, Section 846, including but not limited to a money judgment in an amount to be determined, representing the amount of gross drug proceeds obtained as a result of such offense;

B. pursuant to Title 21, United States Code, Section 853(a)(2), any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;

and further

C. pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the violation of Title 18, United States Code, Section 1956(h) (conspiracy to commit money laundering), or any property traceable to such property including but not limited to proceeds of the violation and including but not limited to a money judgment in an amount to be determined, representing the property involved in a violation of 18, United States Code, Section 1956(h) (conspiracy to commit money laundering), or any property traceable to such property.to be determined, representing the amount of gross drug proceeds obtained as a result of such offense

(D.E. 3: Indictment).

3. On August 17, 2015, the United States filed a Bill of Particulars for Forfeiture of Property which provided, in pertinent part:

> . . . **THE UNITED STATES HEREBY GIVES NOTICE THAT**, in addition to any property already listed in the Indictment's forfeiture allegations, the United States is seeking forfeiture of the following assets as to Forfeiture Allegation One:
>
> **CURRENCY:**
> 1. Approximately $46,300.00 United States currency seized from 15540 Prevost Street, Detroit, Michigan on March 12, 2015;
>
> 2. Approximately $78,300.00 United States currency seized from 45669 Harmony Lane, Belleville, Michigan on March 12, 2015;

> ***
>
> **THE UNITED STATES HEREBY FURTHER GIVES NOTICE THAT**, in addition to any property already listed in the Indictment's forfeiture allegations, the United States is seeking forfeiture of the following assets as to both Forfeiture Allegation One and Forfeiture Allegation Two:

(D.E. 279: Bill of Particulars).

4. On May 19, 2016, the United States filed a Bill of Particulars for Forfeiture of Real Property which provided in pertinent part:

> **THE UNITED STATES HEREBY GIVES NOTICE THAT**, in addition to those items sought for forfeiture in the Indictment filed at Docket Entry 3, and those items sought for forfeiture in the Bill of Particulars filed on August 17, 2015 at Docket Entry No. 279, the United States is seeking forfeiture of the following real property as to Forfeiture Allegations One and Two:
>
> 1. Real property commonly known as 14425 Curtis, Detroit, MI 48235 . . .
>
> 2. 2. Real property commonly known as 14427 Curtis, Detroit, MI 48235 . . .
>
> 3. Real property commonly known as 16617 Leisure, Detroit, MI 48235, and more particularly described in Exhibit A. . .
>
> 4. Real property commonly known as 15355 Ohio Street, Detroit, MI 48238 . . .
>
> 5. 5. Real property commonly known as 45669 Harmony Lane, Belleville, MI 48111 . . .

(D.E. 432: Bill of Particulars of Real Property).

5. On June 8, 2016, Defendant entered a plea of guilty to Counts One and Two. (D.E. 478: Accepted Plea Petition).

3

6. At the plea hearing on June 8, 2016, the District Court accepted the plea and sentencing is currently scheduled for February 1, 2017. (D.E. 478: Accepted Plea Petition; D.E. 784: Order of Sentencing Date).

7. The evidence to be presented at sentencing will establish a nexus between the Subject Property and the crimes of conviction.

**LAW:**

Pursuant to 21 U.S.C. § 853(a)(1), forfeiture shall be ordered in regard to the above-described Subject Property if the property constituted, or was derived from, any proceeds the defendant obtained, directly or indirectly from the crime of conviction.

Also, pursuant to 21 U.S.C. § 853(a)(2), forfeiture shall be ordered in regard to the above-described Subject Property if the property was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

Lastly, pursuant to 18 U.S.C. § 982(a)(1), forfeiture shall be ordered in regard to the above-described Subject Property if the property was involved in, or traceable to such property including but not limited to proceeds of the violation.

The standard of proof at sentencing is a preponderance of the evidence. *United States v. Smith*, 966 F.2d 1045, 1050-53 (6th Cir. 1992) (forfeiture is part of sentencing, which is governed by preponderance standard).

Evidence to be presented at sentencing will support the forfeiture of the Subject Property. *See United States v. Schwartz*, 503 Fed. App'x. 443 (6th Cir. No. 1, 2012) (unpublished) (attached) (open plea did not include agreement to forfeiture, but forfeiture is mandatory because due process

was met and there was an adequate evidentiary basis) (attached); *see* Fed. R. Crim. P., Rule 32.2 (Court must determine nexus between specific property sought for forfeiture and the offense).

In pertinent part, as to the currency sought for forfeiture, the proof will show that the location, manner of storage and packaging of the currency sought for seizure is strong evidence that the currency is proceeds of drug trafficking or intended for use in drug trafficking.

It is reasonable to look at the total proceeds of the conspiracy to determine the amount of forfeiture. *United States v. Darji*, 609 Fed. App'x. 320, 331-32 (6th Cir. 2015) (unpublished) (attached) .

Laundered money may be forfeited without having to show that the defendant was the owner of the money. *United States v. Tedder*, 2003 WL 23204849, *2-3 (W.D. Wis. 2003), *aff'd* 403 F.3d 836 (7th Cir. 2005). Any ownership questions will be resolved at the ancillary proceeding. Fed. R. Crim. P, Rule 32.2(c).

Commingled funds conceal, disguise, and facilitate the crime of money laundering and therefore all funds in a commingled account could be forfeited. *United States v. Coffman,* 997 F. Supp 2d 677 (E.D. Ky. Jan 31, 2014). Property that is purchased with commingled funds is forfeitable as proceeds. In pertinent part, the real property sought for forfeiture was either purchased with the use of commingled funds or with cash that arguably was not obtained through legitimate funds.

Rule 32.2(b)(1) and (b)(2), Federal Rules of Criminal Procedure, provide, in pertinent part, that:

>**(b) Entering a Preliminary Order of Forfeiture.**
>
>>**(1) Forfeiture Phase of the Trial**

**(A) Forfeiture Determinations**. As soon as practical after a verdict or finding of guilty, or after a plea of guilty or *nolo contendere* is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

**(B) Evidence and Hearing.** The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

**(2) Preliminary Order.**

**(A) Contents of a Specific Order**. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

**(B) Timing.** Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

. . .

**(3) Seizing Property.** The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

Based upon the evidence to be presented, the United States submits that it will establish the requisite nexus between the Subject Property and the offense to which the defendant has pleaded guilty. Accordingly, that Subject Property is subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 853(a)(1) and (a)(2) and 18 U.S.C. § 982(a)(1).

Upon the issuance of the Preliminary Order of Forfeiture and pursuant to 21 U.S.C.§ 853(n), the United States will publish notice of this Order and of the United States Marshals Service intent to dispose of the Subject Property in such manner as the Attorney General (or his designee) may direct on-line at "www.forfeiture.gov," the official internet government forfeiture site, for 30 consecutive days. The Government may also, to the extent practicable, provide direct written notice to any person, other than the defendant, known to have alleged an interest in the Subject Property that is the subject of this Order. Said notice shall state that any person, other than the defendant, Benjamin Bradley, having or claiming a legal interest in the Subject Property must file a petition with the Court (and serve a copy on Debra Teufel Phillips, Assistant United States Attorney, Middle District of Tennessee, 110 Ninth Avenue South, Suite A-961, Nashville, TN 37203) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

In accordance with the provisions of 21 U.S.C. § 853 and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be permitted to seize the Subject

Property subject to forfeiture whether held by the defendant or a third party, and to undertake whatever discovery is necessary to identify, locate, or dispose of Subject Property subject to forfeiture, or substitute assets for such property.

WHEREFORE, at a time prior to the imposition of sentence and after acceptance of the plea, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the Defendant Benjamin Bradley's interest in the Subject Property described as:

**CURRENCY:**
1. Approximately $46,300.00 United States currency seized from 15540 Prevost Street, Detroit, Michigan on March 12, 2015;

2. Approximately $78,300.00 United States currency seized from 45669 Harmony Lane, Belleville, Michigan on March 12, 2015;

**REAL PROPERTY:**
3. Real property commonly known as 14425 Curtis, Detroit, MI 48235. . .

4. Real property commonly known as 14427 Curtis, Detroit, MI 48235 . . .

5. Real property commonly known as 16617 Leisure, Detroit, MI 48235 . . .

6. Real property commonly known as 15355 Ohio Street, Detroit, MI 48238 . . .

7. Real property commonly known as 45669 Harmony Lane, Belleville, MI 48111 . . .

WHEREFORE, the United States further requests that the Court order the United States Marshals Service to seize and maintain custody of the forfeited Subject Property and dispose of it

in accordance with the law. A proposed Preliminary Order of Forfeiture is attached hereto for the Court's convenience.

>Respectfully submitted,
>
>DAVID RIVERA
>United States Attorney
>Middle District of Tennessee
>
>By:   s/Cecil VanDevender
>CECIL VANDEVENDER
>Assistant United States Attorney
>
>By:   s/Debra Teufel Phillips
>DEBRA TEUFEL PHILLIPS
>Assistant United States Attorney
>110 Ninth Avenue, South, Suite A-961
>Nashville, Tennessee 37203
>Telephone: (615) 736-5151
>Email: cecil.vandevender@usdoj.gov
>          deb.phillips@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2017, a copy of the foregoing Motion for Entry of Preliminary Order of Forfeiture was filed electronically. Notice of this filing will be sent to James E. Mackler via email to jmackler@fbtlaw.com by operation of the Court's electronic filing system.

> s/Debra Teufel Phillips
>DEBRA TEUFEL PHILLIPS
>Assistant United States Attorney