# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:15-cr-00037-2 |
| ) | JUDGE TRAUGER |
| **BENJAMIN BRADLEY** ) | |
| ) | |
| Defendant. ) | |

## ORDER OF FORFEITURE CONSISTING OF
## AT LEAST A $1,000,000 UNITED STATES CURRENCY MONEY JUDGMENT

Based on the representations of the Government and Defendant Benjamin Bradley at the plea hearing in this matter, the Court finds as follows:

**WHEREAS**, On March 3, 2015, the United States filed a Two Count Indictment against Defendant Benjamin Bradley, among others, charging Defendant with 21 U.S.C. § 846 (drug conspiracy) and 18 U.S.C. § 1956(h) (money laundering conspiracy);

**WHEREAS,** Forfeiture Allegation One of the Indictment gave notice pursuant to 21 U.S.C. §§ 853(a)(1) and (a)(2) that upon conviction of the drug conspiracy charged in Count One of the Indictment, Defendant shall forfeit any all proceeds of the drug trafficking offense, and if said proceeds were unavailable, then a money judgment would enter in the amount of proceeds. The property to be forfeited includes a money judgment in an amount to be determined, which represents proceeds of the drug conspiracy;

**WHEREAS,** Forfeiture Allegation Two of the Indictment gave notice pursuant to 18 U.S.C. § 982(a)(1) that upon conviction of the money laundering conspiracy, charged in Count Two of the Indictment, Defendant shall forfeit any property traceable to such property including but not limited to proceeds of the violation and including but not limited to a money judgment in

an amount to be determined, representing the property involved in the money laundering conspiracy, or any property traceable to such property.

**WHEREAS,** the Forfeiture Allegations of the Indictment also gave notice to Defendant that in the event the property described above, as a result of any act or omission of Defendant:

      a.    cannot be located upon the exercise of due diligence;
      b.    has been transferred or sold to, or deposited with, a third party;
      c.    has been placed beyond the jurisdiction of the court;
      d.    has been substantially diminished in value; or
      e.    has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of Defendant up to said property listed above as subject to property;

**WHEREAS,** at least $1,000,000 United States currency is subject to forfeiture because these funds constitute, or were derived from, proceeds the defendant obtained, directly or indirectly, as the result of the drug conspiracy as charged in Count One of the Indictment; and/or property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, and therefore a money judgment in the amount of at least $1,000,000 United States currency is proper;

**WHEREAS,** at least $1,000,000 United States currency is subject to forfeiture because these funds represent property involved in the money laundering conspiracy, or any property traceable to such property, as the result of the money laundering conspiracy as charged in Count Two of the Indictment, and therefore a money judgment in the amount of at least $1,000,000 United States currency is proper;

**WHEREAS,** as a result of Defendant's acts or omissions, at least $1,000,000 United States currency either cannot be located upon the exercise of due diligence; have been transferred

or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeiture of substitute property; and

Now, therefore, based upon Benjamin Bradley's plea of guilty to the drug conspiracy and to the money laundering conspiracy as charged in the Indictment, this Court makes the following findings:

1. There is a preponderance of the evidence that the foreseeable amount of proceeds of the drug conspiracy as set forth in the offenses to which Defendant has pleaded guilty in this matter are at least $1,000,000 United States currency.

2. There is a preponderance of the evidence that the foreseeable amount of property involved in the money laundering conspiracy as set forth in the offenses to which Defendant has pleaded guilty in this matter are at least $1,000,000 United States currency.

3. At least $1,000,000 United States currency is subject to forfeiture because these funds constitute, or were derived from, foreseeable proceeds that Defendant and his coconspirators obtained, directly or indirectly, as the result of the drug conspiracy as charged in the Indictment; and/or property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation.

4. At least $1,000,000 United States currency is subject to forfeiture because these funds represent property involved, or any property traceable to such property, as the result of the money laundering conspiracy that Defendant and his coconspirators obtained as charged in the Indictment;

5. As a result of Defendant, and/or his coconspirators' acts or omissions, at least $1,000,000 United States currency, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeiture of substitute property up to at least $1,000,000 United States currency.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A. An Order of Forfeiture Consisting of a Money Judgment in the amount of at least $1,000,000 United States currency ("Order of Forfeiture") is hereby taken against Defendant Benjamin Bradley, joint and severally with any other coconspirator against whom a similar money judgment is taken as to the Indictment in this matter. Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Order of Forfeiture consisting of a Money Judgment shall become immediately final as to the defendant and shall be made part of the sentence and included in the judgment. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

B. The United States may engage in discovery in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to at least $1,000,000 United States currency as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.* and by Federal Rule of Criminal Procedure, Rule 32.2(b)(3).

C. The United States Probation and Pretrial Services will provide the Defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery.

D. The Internal Revenue Service will provide Defendant's Tax Returns for the years 2011 through 2016 to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery.

E. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of at least $1,000,000 United States currency Money Judgment to include substitute property having a value not to exceed in total at least $1,000,000 United States currency to satisfy the Money Judgment in whole or in part.

F. Upon payment of the Money Judgment in full, the United States shall file a satisfaction of judgment with the District Court and the appropriate clerk of the county in which any transcript or abstract of the judgment has been filed.

G. Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of at least $1,000,000 United States currency plus statutory interest is made in full.

H. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this _____ day of _____, 2017.

**ALETA A. TRAUGER**
United States District Chief Judge