# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 3:15-cr-00037-2** |
| | ) | **JUDGE TRAUGER** |
| **BENJAMIN BRADLEY** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OF LAW AND FACTS IN SUPPORT OF MOTION FOR AN ORDER OF FORFEITURE CONSISTING OF AT LEAST A $1,000,000 UNITED STATES CURRENCY MONEY JUDGMENT

Pursuant to Fed. R. Crim. P., Rules 32.2(b)(1) and (c)(1) and 18 U.S.C. § 982(a)(2), the United States of America has moved, based upon facts in the record, evidence to be presented at sentencing, and Defendant Benjamin Bradley's plea of guilty to Counts One and Two of the Indictment, for entry an Order of Forfeiture Consisting of at least a $1,000,000 United States Currency Money Judgment ("Order of Forfeiture").

## FACTS

On March 3, 2015, the United States filed a Two Count Indictment against Defendant charging him at Count One with conspiracy to distribute and to possess with intent to distribute Oxycodone, Hydromorphone and Oxymorphone in violation of Title 21, United States Code, Section 846 and at Count Two with conspiracy to commit money laundering violation of Title 18, United States Code, Section 1956(h). (D.E. 3: Indictment).

The Forfeiture Allegations gave notice to the defendant that upon a finding of guilty as to Count One or Count Two:

A.    pursuant to Title 21, United States Code, Section 853(a)(1), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violation of Title 21, United States Code, Section 846, including but not limited to a money judgment in an amount to be determined, representing the amount of gross drug proceeds obtained as a result of such offense;

B.    pursuant to Title 21, United States Code, Section 853(a)(2), any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;

further

C.    pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the violation of Title 18, United States Code, Section 1956(h) (conspiracy to commit money laundering), or any property traceable to such property including but not limited to proceeds of the violation and including but not limited to a money judgment in an amount to be determined, representing the property involved in a violation of 18, United States Code, Section 1956(h) (conspiracy to commit money laundering), or any property traceable to such property.

and further

D.    If any of the property described above, as a result of any act or omission of defendants:

  a.    cannot be located upon the exercise of due diligence;

  b.    has been transferred or sold to, or deposited with, a third party;

  c.    has been placed beyond the jurisdiction of the court;

  d.    has been substantially diminished in value; or

  e.    has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and it is the intent of the United States pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the above named defendants, up to the value of said property listed above as subject to forfeiture.

2

(D.E. 3: Indictment).

On August 17, 2015, the United States filed a Bill of Particulars for Forfeiture of Property which provided, in pertinent part:

> . . . **THE UNITED STATES HEREBY GIVES NOTICE THAT**, in addition to any property already listed in the Indictment's forfeiture allegations, the United States is seeking forfeiture of the following assets as to Forfeiture Allegation One:
>
> **CURRENCY:**
> 1. Approximately $46,300.00 United States currency seized from 15540 Prevost Street, Detroit, Michigan on March 12, 2015;
>
> 2. Approximately $78,300.00 United States currency seized from 45669 Harmony Lane, Belleville, Michigan on March 12, 2015;
>
> ***
>
> **THE UNITED STATES HEREBY FURTHER GIVES NOTICE THAT**, in addition to any property already listed in the Indictment's forfeiture allegations, the United States is seeking forfeiture of the following assets as to both Forfeiture Allegation One and Forfeiture Allegation Two:

(D.E. 279: Bill of Particulars).

On May 19, 2016, the United States filed a Bill of Particulars for Forfeiture of Real Property which provided in pertinent part:

> **THE UNITED STATES HEREBY GIVES NOTICE THAT**, in addition to those items sought for forfeiture in the Indictment filed at Docket Entry 3, and those items sought for forfeiture in the Bill of Particulars filed on August 17, 2015 at Docket Entry No. 279, the United States is seeking forfeiture of the following real property as to Forfeiture Allegations One and Two:
>
> 1. Real property commonly known as 14425 Curtis, Detroit, MI 48235 . . .

3

2. 2. Real property commonly known as 14427 Curtis, Detroit, MI 48235 . . .

3. Real property commonly known as 16617 Leisure, Detroit, MI 48235, and more particularly described in Exhibit A. . .

4. 4. Real property commonly known as 15355 Ohio Street, Detroit, MI 48238 . . .

5. 5. Real property commonly known as 45669 Harmony Lane, Belleville, MI 48111 . . .

(D.E. 432: Bill of Particulars of Real Property).

On June 8, 2016, Defendant Benjamin Bradley pleaded guilty to the drug conspiracy as alleged in Count One of the Indictment, and therefore pursuant to 21 U.S.C. § 853(a) forfeiture of any and all property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violation, and forfeiture in the form of at least a $1,000,000 United States currency money judgment is mandatory pursuant to 21 U.S.C. § 853(a) as at least $1,000,000 United States currency is approximately the amount of proceeds obtained directly or indirectly from the violations.

Defendant also pleaded guilty to the money laundering conspiracy as alleged in Count Two of the Indictment and therefore pursuant to 18 U.S.C. § 982(a)(1) forfeiture of any property, real or personal, involved in such violation, or any property traceable to such property including but not limited to proceeds of the violation and forfeiture in the form of at least a $1,000,000 United States currency money judgment is mandatory pursuant to in 18 U.S.C. § 982(a)(1) as at least $1,000,000 United States currency is approximately the amount of property involved the violations.

4

The evidence to be presented at sentencing will show that the amount of drugs sold is reasonably calculated to be well in excess of one million dollars.

Defendant's sentencing has been set for February 1, 2017. (D.E. 784: Order of Sentencing Date).

## ARGUMENT

The United States seeks the entry of an Order of Forfeiture consisting of a personal Money Judgment against Defendant Benjamin Bradley in the amount of at least $1,000,000 United States currency as to the Indictment in this matter.

Forfeiture is imposed as a part of the sentencing process. *See Libretti v. United States*, 516 U.S. 29, 39 (1995). Forfeiture serves an additional goal of ensuring that persons do not profit from their illegal acts. *United States v. Ursery*, 518 U.S. 267, 291 (1996).

The entry of an Order of Forfeiture in the form of a personal Money Judgment is specifically authorized by Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure. "As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought … [i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay. Fed. R. Crim. P 32.2(b)(1).

Even though the Defendant pleaded open, and the plea did not include an agreement to forfeiture, as long as due process is met, forfeiture is mandatory and a part of Defendant's sentence. *United States v. Schwartz*, 503 Fed. Appx. 443 (6th Cir., 2012) (Defendant was on notice of amount of money sought for forfeiture and given the opportunity to be heard). Defendant was on notice in the Indictment of the forfeiture in a money judgment. He will have

the opportunity to reply to and be heard concerning the Motion for an Order of Forfeiture Consisting of at least a $1,000,000.00 United States currency Money Judgment.

The United States is entitled to a money judgment in the amount of gross proceeds obtained as a result of the drug conspiracy to which defendant has pleaded guilty. See 21 U.S.C. § 853(a) (a person convicted of a felony drug offense shall forfeit .. any property constituting, or derived from, any proceeds the person obtained, directly or indirectly as the result of such violation; … any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation…"). *See United States v. Logan*, 542 Fed. Appx. 484, 497 (6th Cir. 2013) (an estimate of the amount of drugs is appropriate if supported by a preponderance of the evidence, and in the case of jointly undertaken criminal activity, the court must make particularized findings with respect to the foreseeability of the co-conspirators' conduct before finding defendant accountable for the scope of the entire conspiracy). The statute mandates joint and several liability among coconspirators for the proceeds of a drug conspiracy. *Id.* at 498:

> . . . *United States v. Roberts*, 660 F.3d 149, 165 (2d. Cir. 2011), cert. denied, 132 S.Ct. 1640 (2012) ("In the case of a narcotics conspiracy, this mandatory liability is joint and several among all conspirators.") *United States v. Van Nguyen*, 602 F.3d 886, 904 (8th Cir. 2010) (a defendant" may be held jointly and severally liable for all of the foreseeable proceeds of the conspiracy") . . .

Further, a Money Judgment is appropriate when the defendant has dissipated his assets and property acquired after a criminal forfeiture may be used as substitute assets to reduce a money judgment. *See United States v. Hampton*, 732 F3d 687 (6th Cir. 2013).

Once the Order of Forfeiture is entered, the United States may engage in discovery pursuant to 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.* in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify

6

substitute assets that may be forfeited to satisfy the Money Judgment in whole or in part and pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure. To facilitate discovery, the United States seeks the release to the Asset Forfeiture Unit of the United States Attorney's Office for the Middle District of Tennessee of the Presentence Report and its supporting documentation, as well as the release of all tax returns for the Defendant for the years 2011 through 2016.

Should substitute assets be identified via the discovery process or otherwise, the United States may move at any time, pursuant to Fed. R. Crim. P., Rule 32.2(e)(1)(B), and 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), to amend the Order of Forfeiture to forfeit specific property of the Defendant, having a value up to the amount of the Money Judgment, as substitute assets. *See United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999) (once the Government has obtained a money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment).

The United States will file a Satisfaction of Judgment with the Court upon the payment of the money judgment in full.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of Defendant's guilty plea to Counts One and Two of the Indictment, evidence already in the record, the accepted Plea Petition dated June 8, 2016 and any additional evidence or information submitted by the parties and the facts set forth at the plea colloquy on June 8, 2016, the United States asks that this Court enter an Order of Forfeiture Consisting of at least a $1,000,000 United States currency Money Judgment containing the following findings and Orders:

7

a.      a determination by the Court, pursuant to Fed. R. Crim. P. Rule 32.2(b)(1) that the foreseeable amount of money derived from the offenses for which the Defendant has been found guilty is at least $1,000,000 United States currency;

b.      a determination that at least $1,000,000 United States currency is subject to forfeiture pursuant to 21 U.S.C. § 853(a);

c.      a finding that as a result of Defendant Benjamin Bradley's act(s) or omission(s) or his coconspirators acts or omissions, the at least $1,000,000 United States currency in proceeds obtained as a result of the drug conspiracy alleged in the Indictment, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty;

d.      a finding, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), that the United States is entitled to forfeiture of substitute property;

e.      Order of Forfeiture Consisting of at least $1,000,000 United States currency Money Judgment be entered;

f.      an authorization, pursuant to 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.* allowing the United States to engage in discovery in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets;

g.      a provision that the United States Probation and Pretrial Services will provide Defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery;

h.      a provision that the Internal Revenue Service will provide the Defendant's Tax Returns for the years 2011 through 2016 to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery;

i.      a provision that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of at least a $1,000,000 United States currency Money Judgment to include substitute property having a value

not to exceed in total at least $1,000,000 United States currency to satisfy the Money Judgment in whole or in part;

j.  the United States shall file a satisfaction of judgment as to the money judgment with the District Court and the appropriate clerk of the county in which any transcript or abstract of the judgment has been filed;

k.  a provision that insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of at least $1,000,000 United States currency plus statutory interest is made in full; and

l.  a provision that the Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Respectfully submitted,

DAVID RIVERA
United States Attorney
Middle District of Tennessee

By:  s/Cecil VanDevender
CECIL VANDEVENDER
Assistant United States Attorney

By:  s/Debra Teufel Phillips
DEBRA TEUFEL PHILLIPS
Assistant United States Attorney
110 Ninth Avenue, South, Suite A-961
Nashville, Tennessee 37203
Telephone: (615) 736-5151
Email: cecil.vandevender@usdoj.gov
deb.phillips@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2017, a copy of the foregoing Memorandum was filed electronically. Notice of this filing will be sent to James E. Mackler via email to jmackler@fbtlaw.com by operation of the Court's electronic filing system.

       s/Debra Teufel Phillips
DEBRA TEUFEL PHILLIPS
Assistant United States Attorney