UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cr-00037-2 |
| | ) | |
| BENJAMIN BRADLEY, | ) | Judge Trauger |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY IN SUPPORT OF MOTIONS FOR FORFEITURE**

The government has filed motions for a preliminary order of forfeiture of currency and real property (DE# 858) and for a money judgment (DE# 861), to which Defendant Benjamin Bradley has filed a response in opposition (DE# 958). The government now respectfully submits this reply in support of its motions. Bradley's response raises two primary objections: (1) that the proposed money judgment should not be in addition to others assets seized, and (2) that the real property at 45669 Harmony Lane—which is described more fully at DE# 432 Ex. A—is not forfeitable. The government will respond to each in turn.

*A. The Money Judgment*

Bradley does not appear to dispute the entry of a money judgment of $1,000,000, but merely wants to ensure that the money judgment is not imposed *in addition* to other forfeiture and does not result in "double dipping." As noted in the government's memorandum in support of the motion for entry of a money judgment:

> Once the Order of Forfeiture is entered, the United States may engage in discovery pursuant to 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.* in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify substitute assets that may be forfeited to satisfy the Money Judgment in whole or in part and pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure. . . .

Should substitute assets be identified via the discovery process or otherwise, the United States may move at any time, pursuant to Fed. R. Crim. P., Rule 32.2(e)(1)(B), and 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), to amend the Order of Forfeiture to forfeit specific property of the Defendant, having a value up to the amount of the Money Judgment, as substitute assets. *See United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999) (once the Government has obtained a money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment).

The United States will file a Satisfaction of Judgment with the Court upon the payment of the money judgment in full.

(DE# 862, Memorandum, at PageID #: 2807-08.)

The proposed Order of Forfeiture consisting of a money judgment provides for a limit of $1,000,000, and for the government to amend the Order of Forfeiture to reflect any substitute property forfeited, or for the Court to amend the Order as necessary. (*See* DE# 861-1.) The Order also provides that the Money Judgment is joint and several with any other coconspirator against whom a similar money judgment is taken in this matter. (*Id.*) Thus, after entry of the Order of Forfeiture, the value of the net proceeds of any specific property of Bradley or a similarly situated coconspirator that is forfeited to the government will act to reduce Bradley's money judgment.

The government will—after entry of the Money Judgment and after entry of any specific forfeiture of any property of the defendant or a similarly situated codefendant—amend the Money Judgment of Bradley and his similarly situated codefendants to reflect the specific property forfeitures.

### B. 45669 Harmony Lane

Bradley next disputes the forfeiture of the real property located at 45669 Harmony Lane. Bradley characterizes this issue, in rather overwrought terms, as a question of what proof must be shown "before taking the home away from a woman and her children." (DE# 958, Response,

2

Case 3:15-cr-00037   Document 986   Filed 05/05/17   Page 2 of 5 PageID #: 3814

PageID #: 3718.) In fact, the question is whether Bradley's interest in the property is forfeitable, either as proceeds of his drug-trafficking and money-laundering scheme, or as a substitute asset to satisfy the undisputed $1,000,000 money judgment. In either event, an ancillary proceeding would then be held, pursuant to Fed. R. Crim. P. 32.2, to determine the viability of any third-party interest.

Whether Kareema Hawkins or anyone else has a viable third-party interest is not ripe for resolution until that ancillary proceeding is held. *See* 21 U.S.C. § 853(n); Fed. R. Crim. P. 32.2(b)(2)(A). And in any event, Bradley is not in a position to assert Ms. Hawkins's interest himself. *See United States v. Erpenbeck*, 682 F.3d 472, 480 (6th Cir. 2012); *United States v. Coffman*, 574 F. App'x 541, 563 (6th Cir. 2014). The government notes, however, that at that ancillary proceeding, it intends to show as follows:

- Roughly six weeks after Bradley was charged with drug-trafficking and money-laundering conspiracies—in an indictment with two forfeiture allegations—he allegedly signed a Quit Claim Deed transferring his ownership in Harmony Lane to Kareema Hawkins. (*See* Attached Affidavit of William DeSantis.) This deed appeared to be notarized by Sonja L. Halton, a Michigan Notary Public. (*Id*.) The deed stated that Bradley personally appeared before Halton on April 23, 2015 to sign the Quit Claim deed. (*Id*.) The Quit Claim deed was ultimately filed with the Wayne County Register of Deeds on April 24, 2015. (*Id*.)

- Between March 19, 2015 and April 29, 2015, Bradley was incarcerated at the St. Clair County (MI) Jail located in Port Huron, Michigan which is approximately 80 miles from Detroit. (*Id*.)

- The St. Clair County Sheriff's Office reported that the only individuals to visit Bradley during the time period he was incarcerated were Kareema Hawkins and Braxton Bradley. The jail has no record of any other individual, including Sonja Halton, visiting Bradley. (*Id.*)

- While it is theoretically possible for Halton to have visited the jail as a professional visitor, such as an attorney (or related staff member), the Sheriff's Office also checked the Professional Visitor sign-in sheets for the time period Bradley was incarcerated there and did not find anyone by the name of Sonja Halton ever signing into the jail. (*Id.*)

3

- The St. Clair County Jail offers notary services, and the person providing notary services at the jail is named Molly McIntyre. (*Id.*) Occasionally, a records department employee may also notarize a document. There has never been an employee of the jail by the name Sonja Halton. (*Id.*)

Based on these facts, there is reason to believe that the notary signature for the quit claim deed to Hawkins is invalid. But, in any event, that is an issue that can be addressed at the ancillary proceeding. As noted, the question at this point is whether Bradley's interest in the proceeds is forfeitable, either as direct proceeds or substitute assets. It is forfeitable as both.

Bradley engaged in a large-scale, multi-year conspiracy to traffic thousands of diverted prescription pills into Middle Tennessee and launder the proceeds through (among other things) large cash deposits that were structured to avoid reporting requirements. In 2014, several years after the start of the conspiracy, Bradley purchased the Harmony Lane property for $105,000. As noted in the attached Affidavit, Bradley did not finance the purchase through a mortgage or other bank loan; nor did he pay using a check or other financial instrument; instead, he paid the $105,000 using gold coins and scrap gold. (*See* Attached Affidavit of William DeSantis.)

Although Bradley did have a job at the time, his salary of roughly $47,000 per year was not enough to support a bulk payment of $105,000, thus triggering a rebuttable presumption of forfeitability under 21 U.S.C. § 853(d). The fact that the purchase was made in gold coins and scrap gold further confirms that the funds were not derived from untainted assets. Thus, the government respectfully submits that Bradley's interest in the Harmony Lane property should be forfeited as proceeds of the crimes of conviction. *See* 21 U.S.C. § 853.

In the alternative, even if the Court concludes that the Harmony Lane property is not forfeitable as direct proceeds, the property is still forfeitable as a substitute asset to fulfill the money judgment. That the property has been nominally transferred to a third party is immaterial.

4

21 U.S.C. § 853(p)(2).

Therefore, the government respectfully requests that the Court enter the proposed forfeitures orders set forth at DE# 858-1 and DE# 861-1. The validity of any third-party interest can then be addressed at a subsequent ancillary proceeding.

Respectfully submitted,

JACK SMITH
Acting United States Attorney for the
Middle District of Tennessee

*s/ Cecil W. VanDevender*
Cecil W. VanDevender
Assistant United States Attorney

*s/ Debra Teufel Phillips*
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203
615-736-5151

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2017, I sent a copy of the foregoing via the Court's electronic filing system to Ronald Small, counsel for Benjamin Bradley.

*s/ Cecil VanDevender*
CECIL VANDEVENDER