UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:15-00037-2 |
| | ) | JUDGE TRAUGER |
| | ) | |
| BENJAMIN EDWARD HENRY BRADLEY | ) | |

**DEFENDANT'S SUR-REPLY REGARDING GOVERNMENT
MOTIONS FOR ORDERS OF FORFEITURE**

In what the government describes as a "rather overwrought" response to its motions for orders of forfeiture, Mr. Bradley demonstrated that (1) the government had represented to the Court that it was presenting all forfeiture-related evidence at the sentencing hearing, and thus the factual record in this case is complete; (2) the evidence that the government *did* present in its forfeiture proceeding demonstrated that Mr. Bradley has no interest in the Residence; (3) if the Residence is deemed "substitute property," then the government has no forfeiture interest in it, because such an interest only arises after conviction, and the government itself presented proof at its forfeiture proceeding indicating that Mr. Bradley transferred his interest in the Residence well before his conviction.

Despite bearing the burden of proving by a preponderance of the evidence that Mr. Bradley has forfeitable interest in the Residence, the government does not meaningfully respond to any of the above points in its reply. The government's reply is procedurally confusing. It asserts that the *only* question before the Court is "whether Bradley's interest in the property is forfeitable." (Reply at 3.) While this is true, the government's own proof at its forfeiture

proceeding was that Mr. Bradley had no interest in the Residence, as he had transferred it via quitclaim deed to his wife. After having answered its own question in the negative, the government goes on to suggest that an ancillary proceeding is necessary to determine whether Mr. Bradley's wife "or anyone else has a viable third-party interest," and at that hearing the government intends to present certain evidence. (*Id.*) That evidence comprises nine separate documents, all of which were presumably available at the time of the forfeiture proceeding in this matter. Thus, the government suggests that the documents are merely a preview of what it will one day demonstrate at a future ancillary proceeding, not an aid in answering the threshold question of whether Mr. Bradley has any forfeitable interest in the Residence. But then the government goes on to use the "proof" in those documents in support of its attempt to answer that question. For example, the affidavit of William D. DeSantis seeks to introduce evidence (for the first time) that Mr. Bradley originally purchased the Residence with gold coins and scrap gold. (D.E.9986-1, DeSantis Aff., at 1.) The government then uses that "evidence" to argue that "[t]he fact that the purchase was made in gold coins and scrap gold further confirms that the funds were not derived from untainted assets." (D.E.986, Reply, at 4.)

The Court should not entertain the government's attempt to expand the record at this late date. First, the government has already represented to the Court that it has completed its initial forfeiture proceeding, and it should not get another "bite at the apple" now simply because its first foray was lacking. Second, the "proof" that the government asks the Court to consider is entirely inadmissible hearsay. The second paragraph of Agent DeSantis's affidavit begins, "Majid Krikor advised the following," after which the government purports to provide the various details of the original purchase of the Residence through the hearsay declaration (and

hearsay documents) of Mr. Krikor. Notably, Agent DeSantis—the affiant—does not purport to have any personal knowledge of the subject matter of Mr. Krikor's out-of-court declaration. This sort of hearsay, however, does not satisfy the government's burden of proof in a forfeiture proceeding. *See United States v. $64,495.00 in U.S. Currency*, No. 5:13-CV-265-REW, 2014 WL 5432119, *4-5 (E.D. Ky. Oct. 2014) (compiling cases and concluding that hearsay is no longer permitted to prove forfeiture allegations after passage of the Civil Asset Forfeiture Reform Act of 2000). Accordingly, the Court should not consider any of these hearsay statements (whether in the affidavit or in the related documents) in making its threshold inquiry regarding Mr. Bradley's interest in the Residence.

Substantively, the government does not address the legal points made in Mr. Bradley's response, nor does it provide supported legal arguments of its own. For example, the government asserts that an individual making a salary of $47,000 per year could not afford to purchase a $105,000 home outright, and this fact suffices to "trigger[] a rebuttable presumption of forfeitability under 21 U.S.C. § 853(d). Even if this "fact" were not based on the hearsay statement in the affidavit, the government offers no support or citation for the legal conclusion it derives—certainly nothing in § 853(d) leads to that conclusion. Likewise unsupported is the assertion (also based on hearsay) that "[t]he fact that the purchase was made in gold coins and scrap gold further confirms that the funds were not derived from untainted assets." Again, that fact is not admissible, but the argument itself is entirely unsupported by legal citation.

Finally, the government asserts that the Residence is forfeitable as a substitute asset. It does not address Mr. Bradley's argument that the government has no forfeiture interest in such property until *after* a conviction, and the government's own evidence demonstrated that Mr.

3

Bradley had no interest in the property at that time. Rather, the government makes the following statement:

> That the property has been nominally transferred to a third party is immaterial. 21 U.S.C. § 853(p)(2).

(Gov't Reply at 5.) Note the citation: nothing in 21 U.S.C. § 853(p)(2) supports the argument made in the preceding sentence.

"Overwrought" as it may be, this really is the government's attempt to take away the home that Mr. Bradley's wife and children are living in, and that attempt is inadequate. It was inadequate when it first purported to have submitted all of its forfeiture evidence; it is inadequate with nine documents attached to a reply brief; and it will not be made more adequate with additional ancillary proceedings. The government has simply failed to prove that Mr. Bradley has a forfeitable interest in the Residence. In fact, its own proof demonstrates the opposite.

Respectfully submitted,

/s/ *Ronald C. Small*
RONALD C. SMALL
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, Tennessee 37203
615-736-5047

Attorney for Benjamin Edward Henry Bradley

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2017, I electronically filed the foregoing Sur-Reply Regarding Government Motions for Orders of Forfeiture with the U.S. District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: Cecil W. VanDevender and Debra Teufel Phillips, Assistant United States Attorneys, 110 Ninth Avenue South, Suite A961, Nashville, TN 37203.

/s/ *Ronald C. Small*
RONALD C. SMALL