IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cr-00037-2 |
| | ) | Judge Aleta A. Trauger |
| BENJAMIN EDWARD HENRY | ) | |
| BRADLEY | ) | |

## ORDER OF FORFEITURE CONSISTING OF MONEY JUDGMENT and PRELIMINARY ORDER OF FORFEITURE

Before the court are the United States' Motion for Entry of a Preliminary Order of Forfeiture (Doc. No. 858) and Motion for an Order of Forfeiture of at Least a $1,000,000 United States Currency Money Judgment (Doc. No. 861). The motions have been fully briefed and are ripe for review. Neither party has requested an evidentiary hearing.

For the reasons set forth in the accompanying Memorandum, the United States' motions (Doc. Nos. 858, 861) are **GRANTED**, and the court **ORDERS** as follows:

1. A preponderance of the evidence establishing that the foreseeable amount of the proceeds of the drug-disribution conspiracy to which the defendant has pleaded guilty is at least $1,000,000.00 and that the foreseeable value of property involved in the money laundering conspiracy to which the defendant pleaded guilty is at least $1,000,000.00, this **Order of Forfeiture Consisting of a Money Judgment in the amount of $1,000,000.00 United States Currency** ("Money Judgment") is **HEREBY TAKEN** against defendant Benjamin Bradley, jointly and severally with any other co-conspirator against whom a similar money judgment is taken as to the Indictment in this matter. Pursuant to Rule 32.2(b)(4) of the Federal Rules of

Criminal Procedure, this Order of Forfeiture Consisting of a Money Judgment shall become immediately final as to the defendant upon entry and shall be made part of the sentence and included in the Judgment. Pursuant to Rule 32.2(c)(1), "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

2. Insofar as some portion of the $1,000,000.00 derived from or connected with the crimes of conviction, as a result of the defendant's or his co-conspirators' acts or omissions, either cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property not easily divisible, the United States may engage in discovery in accordance with the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to $1,000,000 United States currency, as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 and by Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

3. As the result of the acceptance of the plea of guilty, this **Preliminary Order of Forfeiture** is **HEREBY ENTERED** against defendant Benjamin Bradley, who shall forfeit to the United States his interest in the following:

(a) Approximately $46,300.00 United States currency seized from 15540 Prevost Street, Detroit, Michigan on March 12, 2015;

(b) Approximately $78,300.00 United States currency seized from 45669 Harmony Lane, Belleville, Michigan on March 12, 2015;

(c) Real property commonly known as 14425 Curtis, Detroit, Michigan 48235, and more particularly described in the Exhibit A attached to the United States' Bill of Particulars for Forfeiture of Real Property ("Exhibit A") (Doc. No. 432-1).

(d) Real property commonly known as 14427 Curtis, Detroit, Michigan 48235, and more particularly described in Exhibit A.

(e) Real property commonly known as 16617 Leisure, Detroit, Michigan 48235, and more particularly described in Exhibit A.

  (f)  Real property commonly known as 15355 Ohio Street, Detroit, Michigan 48238, and more particularly described in Exhibit A.

  (g)  Real property commonly known as 45669 Harmony Lane, Belleville, Michigan 48111, and more particularly described in Exhibit A.

(The parcels of real property identified herein are collectively referred to below as the "Subject Property").

The value of the seized currency and Subject Property shall be applied to the Money Judgment. In addition, the value of other assets forfeited to the United States, as either tainted assets or substitute assets, by the defendant or any co-conspirator against whom a similar money judgment is taken as to the Indictment in this matter during these proceedings shall be applied to reduce the amount owed on the Money Judgment.

  4.  The defendant does not object to the forfeiture of the Subject Property other than that property commonly known as 45669 Harmony Lane in Belleville, Michigan. With respect to that Property, the court has determined, based on the guilty plea and all the evidence in the record, as noted in the accompanying Memorandum, that the United States has established by a preponderance of the evidence the requisite nexus between such Property and the offenses of conviction. Each parcel of the Subject Property is subject to forfeiture pursuant to 21 U.S.C. §§ 853(a)(1) and (a)(2) and 18 U.S.C. § 982(a)(1).

  5.  Upon the entry of this Order, the Attorney General (or his designee) is authorized to seize the Subject Property and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

  6.  Upon entry of this Order, the Attorney General (or his designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order, in accordance with Fed. R. Crim. P. 32.2.

  7.  Upon the issuance of this Order forfeiting the defendant's interest in the Subject

Property, the United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the Attorney General (or his designee) may direct on-line at www.forfeiture.gov, the official internet government forfeiture site, for 30 consecutive days. The United States shall also, to the extent practicable, provide written notice to any person known to have alleged an interest in the Subject Property, specifically including, but not limited to, Kareema Hawkins.

8. Any person, other than the above named defendant, asserting a legal interest in the Subject Property shall, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her interest in the Subject Property and for an amendment of this Order of Forfeiture.

9. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the defendant upon entry and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Rule 32.2(c)(2).

10. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the third-party petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

11. After the disposition of any third-party motion filed under Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

12. The United States shall have clear title to the Subject Property following the court's disposition of all third-party interests, or, if none, following the expiration of the period provided by 28 U.S.C. § 2461(c), which incorporates by reference the pertinent provision of 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

13. Regarding the Money Judgment, the United States Probation and Pretrial Services will provide the defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery.

14. The Internal Revenue Service will provide the defendant's Tax Returns for the years 2011 through 2016 to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery.

15. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order of Forfeiture to include other substitute property having a value not to exceed $1,000,000 United States currency to satisfy the Money Judgment in whole or in part.

16. Upon payment of the Money Judgment in full, the United States shall file a satisfaction of judgment with the District Court and the appropriate clerk of any county in which a transcript or abstract of the Judgment has been filed.

17. As long as the Order of Forfeiture is not completely satisfied and a sum of money is still owed, the defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $1,000,000 United States currency, plus statutory interest, is made in full.

18. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge