UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:15-00037-2 |
| | ) | JUDGE TRAUGER |
| | ) | |
| BENJAMIN EDWARD HENRY BRADLEY | ) | |

### DEFENDANT'S MOTION TO RECONSIDER ORDER OF FORFEITURE

Defendant Benjamin Bradley respectfully submits this motion to reconsider this Court's order of forfeiture (D.E.1005) and the portions of this Court's judgment (D.E.1006) that relate to forfeiture. Mr. Bradley addresses two specific issues: (1) the Court's findings regarding the residence on Harmony Lane (the "Residence"), and (2) the lack of evidence regarding certain other properties.

    A.    **The Residence**

Regarding the Residence, Mr. Bradley respectfully objects to the Court's conclusion that Mr. Bradley's use of cash (or cash equivalents) to purchase his home "constitutes strong circumstantial evidence that he purchased the house with proceeds from the criminal enterprise." There are many reasons that individuals purchase homes with cash—including lowering closing costs and negotiating lower prices—and the practice is especially common in foreclosure-rich cities like Detroit.[1] The government has submitted no evidence suggesting that the use of cash in

---

[1] *See, e.g.*, Morgan Brennan, *The Benefits of Buying a Home with Cash*, Forbes, Dec. 5, 2011, available at https://www.forbes.com/sites/morganbrennan/2011/11/16/the-benefits-of-buying-a-home-with-cash/

this transaction for a modestly priced home was for any reason other than an innocent one, and Mr. Bradley is unaware of any precedent suggesting that a cash purchase suffices to meet the government's burden of proving that a home is the proceed of a crime (or that the use of cash creates a rebuttable presumption that would require Mr. Bradley to prove an innocent motive in using cash).

Further, the fact that "$78,300 in cash was seized from the [Residence] on the date of the defendant's arrest" (R.1004, Mem., PageID#3893) does not appear to be relevant to how the home was purchased. Mr. Bradley has admitted to his participation in the drug conspiracy in this case. The fact that he had cash from that conspiracy in his own home at the time of his arrest could just as easily demonstrate that Mr. Bradley legitimately used the Residence as his home and therefore kept his belongings there. In short, Mr. Bradley does not believe that the circumstantial evidence that the Court relies upon suffices to meet the government's burden of proof in this case.

**B.     Other real property**

Regarding certain parcels of other real property at issue in this case, the government has failed to meet its burden of proof as to those parcels as well. Although Mr. Bradley did not originally object to forfeiture of these parcels, the error in this case is plain, and Mr. Bradley submits that this plain error will lead to reversal upon appeal. The nature of the government's forfeiture allegation with respect to all of Mr. Bradley's real property appears to be that it was purchased during the commission of the drug conspiracy, and therefore must have been purchased with proceeds thereof. Indeed, the Court's conclusions regarding the Residence rest on that assumption, with the Court finding that "the drug conspiracy began in 2012 and continued

2

until March 11, 2015," and therefore "reliable evidence shows that the defendant acquired the property while the drug-distribution and money-laundering conspiracies were in full swing." (D.E.1004, Mem., PageID#3892.)

Although Mr. Bradley objects to the Court's conclusion, as discussed above, he notes that that conclusion forms the basis of both the government's theory and the Court's acceptance of that theory. What, then, is the basis for an order of forfeiture regarding real property at 14425 Curtis St., or 16617 Leisure Dr.? The *only* evidence before the Court is that 14425 Curtis was purchased for $3,100 on **November 18, 2011**, and that 16617 Leisure was purchased for $3,000 on **November 18, 2011**. (D.E.919, Tr. of Sentencing Hr'g, DeSantis, PageID#3353.) In other words, these homes were purchased for extraordinarily small amounts of money an entire year before the government has any proof that a drug conspiracy existed. Accordingly, there is no evidence in the record supporting an order of forfeiture as to these properties, even under the government's theory of forfeiture. Mr. Bradley respectfully submits that an order of forfeiture under these circumstances constitutes plain error.

### C. Conclusion

For these reasons, Mr. Bradley respectfully requests that the Court reconsider its order of forfeiture.

Respectfully submitted,

/s/ *Ronald C. Small*
RONALD C. SMALL
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, Tennessee 37203
615-736-5047
Attorney for Benjamin Edward Henry Bradley

3

## CERTIFICATE OF SERVICE

   I hereby certify that on July 7, 2017, I electronically filed the foregoing Defendant's Motion to Reconsider Order of Forfeiture with the U.S. District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: Cecil W. VanDevender and Debra Teufel Phillips, Assistant United States Attorneys, 110 Ninth Avenue South, Suite A961, Nashville, TN 37203.

            /s/ *Ronald C. Small*
            RONALD C. SMALL