United States District Court
For The Middle District of Tennessee
Nashville Division

United States of America )
)
)
v. ) No. 3:15-00037-2
) Judge Trauger
)
)
Benjamin Edward Henry Bradley )

## Motion to Reconsider Forfeiture Ruling

Comes now the defendant Benjamin Edward-Henry Bradley in Pro-se Status (Haines v Kerner, 404 US 519 30 L ed 2d 653 92 S. Ct 1972 Defendant Bradley requests motion to reconsider ruling on Grounds of counsel's failure to contest issues instructed by His client to contest which is known that any issues not contested is automatically waived. Counsel neglected His duty to protect His client's interest.

A. Background.

In support of this motion to reconsider, the defendant offers the following facts. Ronald Small was appointed to assist defendant as co-counsel in forfeiture proceeding due to Attorney James Mackler request for an experienced forfeiture Attorney. (Doc. 901) Before forfeiture briefing James Mackler withdrew for political campaign

reasons leaving Ronald Small, lead Counsel for the defendant (DOC 974) in the middle of the forfeiture negotiations between counsel for the defendant and the A.U.S.A office. Defendant Bradley position was that He will forfeit money and all properties if A.U.S.A office drop forfeiture order on Defendant Bradley's wife property 45669 Harmony Lane, Belleville, Mi 48111. A.U.S.A office responded to counsel that they will drop forfeiture order on defendant Bradley's wife property 45669 Harmony lane, Belleville, Mi 48111 only, in addition to forfeiting all other subject properties under order and the money, they proposed defendant waive all His criminal appeal rights on this conviction. Defendant refused the offer and agreed with Counsel to proceed with forfeiture. After receiving a copy of Ronald Small's initial response to the Governments Motion for order of forfeiture (DOC 958), Defendant immediately informed Ronald Small that Defendant was contesting all real property, currency listed in Bill of Particulars and also the 1,000,000 cash money judgement. Ronald Small never amended His initial response to government contesting the additional items. Defendant then receive reply in support of Motions for forfeiture from Government (DOC 986). Defendant immediately called Ronald Small that day and instructed Him to request a hearing because it is clear and convincing evidence that refutes the affidavit of William D. Desantis (DOC 986-1). Ronald Small disregarded defendant request never returned anymore of His client calls or Correspondance. Defendant then decided to put the

Court on notice by mail requesting an ex partte hearing (DOC 1009) before any ruling or any more motions was filed. Defendant's Request dated June 19, 2017 and Postmarked June 20, 2017 was denied as Moot. (Doc 1010)

B. Conclusion

For these reasons the defendant pray that this honorable court reconsider its previous ruling and hold a hearing or allow defendant to submit documented evidence that completely contradict the reason this court ordered forfeiture. And due to Counsel failure to submit documents, request a hearing return calls and letters the Defendant suffers the lost. Defendant attempted to address issues with the court before ruling on forfeiture.