UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cr-0037-2 |
| | ) | Judge Aleta A. Trauger |
| BENJAMIN BRADLEY | ) | |

### MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER THIS COURT'S APRIL 9, 2019 RULING, EXPAND THE SCOPE OF FACTFINDING, AND CONDUCT FACTFINDING BY JURY

Defendant Benjamin Bradley, through undersigned counsel, moves this Court to reconsider its April 9, 2019 order and memorandum and (1) conduct factfinding that includes the currency and real property identified in the original forfeiture order; and (2) conduct all factfinding through a jury. Pursuant to Local Rule 7.01(a)(1), undersigned counsel has conferred with all other counsel. The government opposes this motion.

### LAW AND ARGUMENT

This Motion is prompted by the Court's April 9, 2019 Order and Memorandum, which denied Bradley's Motion to Dismiss the Forfeiture Allegations and Deny a Money Judgment. The Memorandum's limitation on the scope of the factfinding, and its conclusion that Bradley did not appeal factual findings regarding the currency and real property identified in this Court's original forfeiture order, misconstrues Bradley's appeal and is inconsistent with the Sixth Circuit's opinion vacating this Court's entire forfeiture order.

Additionally, Bradley's Motion to Dismiss did not waive his right to contest the evidentiary basis for the currency and real property ("the Property Forfeitures") on remand. Finally, Bradley maintains his position that the Sixth Amendment only permits forfeiture based on facts admitted

1

by a defendant or found by jury. For those reasons, set forth in detail below, Bradley respectfully requests that the Court grant him the opportunity to present evidence contesting the Property Forfeitures and that it conduct all factfinding through a jury.

### A. Bradley's Appeal Addressed the Forfeited Currency and Real Property, and the Sixth Circuit's Opinion Contemplated Fresh Factfinding, without Limitation.

This Court's finding that Bradley "did not expressly appeal the court's findings of fact" regarding the real property and the currency actually seized from him, Dkt. 1154, Memorandum, PageID# 4623, does not accord with the nature of Bradley's appeal or the Sixth Circuit's opinion. *See United States v. Bradley*, 897 F.3d 779, 784 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1221 (2019). Bradley's appeal directly challenged the validity of the original findings of fact by challenging the process through which these facts were established. In his opening brief to the Sixth Circuit, Bradley challenged two aspects of the factfinding process—that Federal Rule of Criminal Procedure 32.2 was not followed and that the Due Process Clause was violated—and argued that the facts which were found by this Court did not accord with the bounds of forfeiture proceedings. *See* Dkt. 1125-1, Appellant's Opening Br., PageID# 4491–94. With these arguments in mind and with an eye toward the Property Forfeitures, the Sixth Circuit concluded the factfinding concerns giving rise to the forfeiture order would be resolved by "fresh factfinding." *Bradley*, 897 F.3d at 784.

The Sixth Circuit vacated the entire forfeiture order and remanded to conduct new factfinding from the ground up. *See Bradley*, 897 F.3d at 784. Immediately after acknowledging Bradley's argument that the forfeiture factfinding proceedings violated his due process rights and Rule 32.2(b) of the Federal Rules of Criminal Procedure, the Court explained:

> New factfinding should cure any complaint about adherence to the Criminal Rules. But to clear away some of the brush for the next round of proceedings *and to eliminate any doubt about a second round of factfinding*, we take up Bradley's

2

> protest that the court denied him fair and adequate proceedings for contesting the deprivation of his property rights.

*Id.* (emphasis added) (internal citations and quotation marks omitted).

The Sixth Circuit found a full evidentiary hearing would effectively redress the challenges Bradley made to the processes by which this Court previously found facts. Indeed, it clarified "[this] conclusion disposes of the harm incurred by the forfeiture order and requires new factfinding before the court may impose an individual forfeiture order on Bradley." *Bradley*, 897 F.3d at 784. The Sixth Circuit's opinion did not reach Bradley's procedural claims in the case because it vacated the entire forfeiture. In sum, the Sixth Circuit's order expected that on remand, this Court would engage in fresh factfinding with respect to forfeiture, without limitation. As such, Bradley requests this Court reconsider its statement in its April 9, 2019 Memorandum that certain items would not be subject to fresh factfinding.

### B. Bradley Did Not Waive Arguments Regarding the Scope or Nature of Factfinding Through the Motion to Dismiss.

Bradley did not waive his rights regarding the scope or nature of factfinding through his Motion to Dismiss the Forfeiture Allegations. If it had been granted, Bradley's Motion to Dismiss would have obviated the need for *any* factfinding. A discussion of the scope or nature of factfinding would have been premature prior to this Court's ruling. Now that the Court has denied Bradley's Motion to Dismiss the forfeiture allegations, the type and scope of factfinding has become ripe. As discussed above, this Court should conduct fresh factfinding on all aspects of forfeiture, without limitation with regard to the Property Forfeitures. Likewise, as indicated in his Motion to Dismiss, Bradley's position is that the Sixth Amendment does not permit judge-found facts in this matter. Any factfinding must be undertaken by a jury, and Bradley preserves this claim for appellate review.

### C. Conclusion

For the reasons set forth above, Bradley respectfully requests that the Court: (1) conduct factfinding that includes the currency and the real property identified in the original forfeiture order, and (2) conduct all factfinding through a jury.

Respectfully submitted,

/s/ Melissa Salinas
MELISSA SALINAS, Esq. (MI-P69388)
University of Michigan Law School
Federal Appellate Litigation Clinic
2058 Jeffries Hall, 701 S. State Street
Ann Arbor, MI 48109-3091
(734) 764-2724
salinasm@umich.edu

DAVID B. SMITH, Esq. (VA-25930)
David B. Smith, PLLC
108 North Alfred St.
Alexandria, VA 22314
(703) 548-8911
dbs@davidbsmithpllc.com

ROBERT L. PARRIS, Esq. (TN-19847)
8 South 3rd Street
Memphis, TN 38103
(901) 299-1479
rlp@robertparrisattorney.com

*Counsel for Benjamin Bradley*

### CERTIFICATE OF SERVICE

I hereby certify this motion was filed on April 15, 2019, using the Court's ECF system, which will send notice of this filing to all counsel of record indicated on the electronic receipt.

/s/ Melissa Salinas
Melissa Salinas (MI – P69388)
University of Michigan Law School
Federal Appellate Litigation Clinic