**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:15-cr-0037-2** |
| | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **BENJAMIN BRADLEY** | ) | |

## ORDER

Before the court is defendant Benjamin Bradley's Motion and Memorandum of Law in Support of Motion to Reconsider this Court's April 9, 2019 Ruling, Expand the Scope of Factfinding, and Conduct Factfinding by Jury. (Doc. No. 1157.) The court has determined that a response to the motion is not necessary. For the reasons set forth herein, the motion will be granted in part and denied in part.

## Background

Following reversal and remand by the Sixth Circuit of a forfeiture order entered by this court, in light of *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), the defendant filed a Motion to Dismiss the Forfeiture Allegations of the Indictment and Deny the Government's Request for a Money Judgment. (Doc. No. 1125.) Based on binding precedent, the court denied the motion. (Doc. Nos. 1154, 1155.) More specifically, the court held that (1) it is bound by the Supreme Court's holding in *Libretti v. United States*, 516 U.S. 29, 49 (1995), that "the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection"; (2) the Supreme Court did not overrule *Libretti* in *Southern Union Co. v. United States*, 567 U.S. 343 (2012); (3) the Sixth Circuit has expressly recognized that 21 U.S.C. § 853 permits, or at least does not prohibit, money forfeiture judgments, *United States v. Hampton*, 732 F.3d 687, 691–92 (6th

Cir. 2013); and (4) *Honeycutt* did not overrule, either expressly or implicitly, *Hampton* or other authority holding that § 853 authorizes money judgments.

Upon denying the defendant's Motion to Dismiss the Forfeiture Allegations, the court also entered a second order setting the matter for an evidentiary hearing to adjudicate the amount of the money judgment to be issued. (Doc. No. 1156.) Finding that the defendant "did not expressly appeal the court's findings of fact" regarding the forfeiture of the currency and the real property identified in the original forfeiture order, the court noted that the parties would "not be required to present evidence regarding forfeiture of the currency and the real property identified in the original forfeiture order." (Doc. No. 1154, at 16.) At the same time, however, the court recognized that the Sixth Circuit had vacated this court's previous forfeiture order in its entirety—not merely the money judgment aspect of it—and that the defendant had not waived review of any argument. (*Id.* at 6.)

Now before the court is the defendant's motion to reconsider certain aspects of that ruling. In particular, the defendant asks the court to (1) "conduct factfinding that includes the currency and real property identified in the original forfeiture order; and (2) conduct all factfinding through a jury." (Doc. No. 1157. at 1.)

### Discussion

Regarding the defendant's unopposed request to expand the scope of factfinding to be conducted at the evidentiary hearing, the court agrees that the Sixth Circuit vacated the entirety of the original forfeiture order and that, as stated above, the defendant has not waived any argument. As a result of the vacatur of the court's forfeiture order (Doc. No. 1005), both of the government's forfeiture motions (Doc. Nos. 856, 861) have been re-opened and remain pending. In his Motion to Dismiss the Forfeiture Allegations, the defendant had no need to address specific aspects of the

forfeiture, as he opposed the forfeiture in its entirety as a matter of law. Because the Sixth Circuit's remand opinion contemplated fresh factfinding, without limitation, the court will grant the defendant's motion to reconsider insofar as it challenges the limitation of the evidentiary hearing to the issue of the amount of the money judgment. The Order entered on April 12, 2019 will be deemed amended to state that the purpose of the evidentiary hearing will be to establish the amount of the money judgment as well as the cash and real property forfeitures sought by the government in its Motion for Entry of a Preliminary Order of Forfeiture (Doc. No. 858) and Motion for an Order of Forfeiture of at Least a $1,000,000 United States Currency Money Judgment (Doc. No. 861).

In addition, the defendant continues to espouse the position that the Sixth Amendment requires a jury to determine any facts on forfeiture not expressly admitted by the defendant, and the court understands that the defendant seeks to preserve this claim for appellate review. The defendant, however, has never actually requested a jury hearing and instead demanded that the forfeiture allegations be dismissed. Moreover, Rule 32.2 only requires a jury in a "case tried before a jury" and "either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict." Fed. R. Crim. P. 32.2(b)(5)(A). This case was not tried to a jury, so Rule 32.2(b)(5) does not apply. For those reasons as well as those expressed in the Memorandum and Order denying the defendant's Motion to Dismiss Forfeiture Allegations, the court will deny the Motion to Reconsider insofar as it demands a jury in connection with the forfeiture evidentiary hearing.

### Conclusion and Order

The defendant's Motion to Reconsider (Doc. No. 1157) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** insofar as it seeks to expand the scope of inquiry

to be conducted at the evidentiary hearing. The Memorandum and Order of April 9, 2019 (Doc. Nos. 1154, 1155) and the Order entered on April 12, 2019 (Doc. No. 1156) are hereby **MODIFIED** in that respect and as follows: At the evidentiary hearing set for May 24, 2019 at 9:30 a.m., both parties shall be prepared to present any relevant evidence in their possession concerning the forfeitures sought by the government in its Motion for Entry of a Preliminary Order of Forfeiture (Doc. No. 858) and Motion for an Order of Forfeiture of at Least a $1,000,000 United States Currency Money Judgment (Doc. No. 861).

The defendant's request that the court convene a jury to decide the forfeiture issues is **DENIED**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge