No. 3:15-cr-00037-2
IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**UNITED STATES OF AMERICA**,

           *Plaintiff*,

vs.

**BENJAMIN BRADLEY**,

           *Defendant*.

**BENJAMIN BRADLEY'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY THE COURT'S FORFEITURE AND MONEY JUDGMENT ORDER PENDING CONCLUSION OF APPEAL**

Defendant Benjamin Bradley, through undersigned counsel, moves this Court to stay its forfeiture and money judgment order pending the conclusion of his appeal of that order. Bradley requests this stay for the reasons set forth in the incorporated memorandum of law.

           Respectfully submitted,

           <u>/s/ Melissa M. Salinas</u>
           MELISSA M. SALINAS (MI-P69388)
           University of Michigan Law School
           Federal Appellate Litigation Clinic
           Jeffries Hall, Room 2058
           701 South State Street
           Ann Arbor, MI 48109
           (734) 764-2724
           salinasm@umich.edu

           *Counsel for Benjamin Bradley*

# MEMORANDUM

## Procedural History

In May 2015, Bradley was charged by indictment with conspiracy to possess and distribute controlled substances in violation of 21 U.S.C. §§ 841(a), 846 and with conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956. (Dkt. 3, Indictment, PageID# 7.) The indictment included two allegations seeking forfeiture of Bradley's real and personal property under 21 U.S.C. § 853(a)(1), (2) and 18 U.S.C. § 982(a)(1). (*Id.* at PageID# 11–14.) He pleaded guilty to both criminal charges, and the Court sentenced him to seventeen years in prison. (Dkt. 919, Sentencing Tr., PageID# 3432.) But he contested the forfeiture allegations and excluded them from his guilty plea. (Dkt. 1027, Plea Hearing Tr., PageID# 4009, 4013.)

The government moved for a preliminary order forfeiting Bradley's real property and some of his personal property. (Dkt. 858, Mtn. for Forfeiture, PageID # 2751–53.) The real property at issue included Bradley's home, 45669 Harmony Lane, where his wife and three children reside. (Dkt. 958, Response to Mtn. for Forfeiture, PageID# 3714.) The government also moved for a $1,000,000 money judgment against Bradley, purportedly under 21 U.S.C. § 853(p). (Dkt. 861, Mtn. for Money Judg., PageID# 2795–96.) The Court ultimately granted the government's motions for forfeiture and the money judgment.

Bradley raised several challenges to the forfeiture and money judgment orders on appeal, including that § 853 does not permit joint-and-several liability and that the Sixth Amendment bars the Court from imposing criminal forfeiture without a supporting admission or jury finding. (Dkt. 1125-1, Appellant's Opening Br., PageID# 4479, 4495.) The Court of Appeals vacated the forfeiture and money judgment orders on the former ground, remanding for another full forfeiture hearing. *United States v. Bradley*, 897 F.3d 779, 784 (6th Cir. 2018). The Court of Appeals further

invited the parties, on remand, to address the constitutionality of criminal forfeiture absent jury findings, calling the question "unanswered . . . in this circuit." *Id.*

On remand, Bradley argued that the Sixth Amendment bars the Court from making factual findings to support a contested criminal forfeiture order and that 21 U.S.C. § 853 does not authorize a money judgment. (Dkt. 1125, Mtn. to Dismiss, PageID# 4438, 4449.) The Court denied Bradley's motion and initially limited the scope of the evidentiary hearing to determining the appropriate amount for a money judgment. (Dkt. 1154, Memorandum, PageID# 4623.) The Court then reconsidered and extended the hearing's scope to encompass the cash and real property forfeitures, but it denied Bradley's motion to convene a jury to decide the forfeiture issues. (Dkt. 1163, Order, PageID# 4645–46.) Following the hearing and post-hearing briefing, the Court again granted the government a $1,000,000 money judgment against Bradley and ordered Bradley's property forfeited. (Dkt. 1203, Order, PageID# 4956–57.) Bradley timely filed a notice of appeal. (Dkt. 1208, Notice of Appeal, PageID# 5003.)

## Argument

The Court should stay the forfeiture and money judgment orders during Bradley's appeal because he has a chance of success, executing the orders now would irreparably harm him, and there are no contravening government interests. Federal Rule of Criminal Procedure 32.2(d) provides in relevant part:

> If a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review.

The decision whether to issue a stay lies in the sound discretion of the court. *See United States v. Hill*, 167 F.3d 1055, 1074 (6th Cir. 1999). Several courts, including this Court, have used four factors to determine whether to grant such a stay: "the likelihood of success on appeal, whether the forfeited asset is likely to depreciate over time, the forfeited asset's intrinsic value to the

3

defendant, and the expense of maintaining the forfeited property." *United States v. Randolph*, No. 3:11-cr-00082-3, Dkt. 1554, Memorandum & Order, PageID# 9605 (M.D. Tenn. Oct. 30, 2013) (citing *United States v. Peters*, 784 F. Supp. 2d 234, 235 (W.D.N.Y. 2011)).

In this case, each of the four factors weighs in favor of a granting a stay. First, there is "some likelihood [Bradley] might prevail on one or more of his arguments." *Randolph*, Dkt. 1554, Memorandum & Order, PageID# 9606. The fact that "reasonable minds could differ" on an issue on appeal, so that it "is not disingenuous or frivolous," also "tips in favor of a stay." *Peters*, 784 F. Supp. 2d at 235. On Bradley's first appeal, the Court of Appeals invited the parties to address on remand whether the Sixth Amendment requires a jury finding to support a criminal forfeiture order, an "unanswered question" in the Sixth Circuit. *Bradley*, 897 F.3d at 784. Also, reasonable minds can disagree—and two federal appellate panels have—as to whether 21 U.S.C. § 853 authorizes money judgments. *See, e.g., United States v. Voigt*, 89 F.3d 1050, 1085–86 (3d Cir. 1996) (holding that cases authorizing money judgments cannot be relied on after the enactment of § 853(p) in 1986), *not followed as dicta by United States v. Stewart*, 185 F.3d 112, 129–30 (3d Cir. 1999). And although this Court ruled that "proceeds" as used in § 853(a) should be interpreted as *gross* rather than *net* proceeds, the Court expressed that "the Sixth Circuit may conclude otherwise" on appeal. (Dkt. 1202, Memorandum, PageID# 4939.) Because there are genuine issues on appeal on which reasonable minds may disagree, this case is far from "disingenuous or frivolous," tipping the scale toward granting a stay. *Peters*, 784 F. Supp. 2d at 235.

Second, when a defendant's family "adequately maintain[s]" the defendant's property, the value of that property will likely not depreciate over time. *Randolph*, Dkt. 1554, Memorandum & Order, PageID# 9606. Here, like in *Randolph*, Bradley's family maintains his real properties. (*See* PSR ¶ 69 n.5 (noting that the Bradleys held rental properties in June 2017).) Indeed, instead of

4

depreciating, those properties have each increased in value over the last five years.[1] Thus, the properties are unlikely to depreciate, so the second factor weighs in favor of a stay.

Third, the "unavailability of substitutes" for property subject to forfeiture and a showing of "irreparable harm" from execution of forfeiture imply the property's intrinsic value to the defendant. *United States v. Riedl*, 214 F. Supp. 2d 1079, 1082–83 (D. Haw. 2001). Here, the real property subject to forfeiture has intrinsic value to Bradley. Bradley's wife, Kareema, and their three children, ages 7, 12, and 13, currently live at 45669 Harmony Lane. The Bradleys maintain and rent the other properties, which lets Kareema pay the bills for her and her children. (*See* PSR ¶ 69 n.5.) The children attend the local school, and if the properties were seized, Kareema and her children would lose their family home. Because Bradley's family would suffer irreparable harm from an execution of forfeiture and there are no available substitutes for the properties, the properties' intrinsic value to Bradley weighs for granting a stay.

Last, "the defendant's family['s] willing[ness] to incur the expense of maintaining the forfeited property" weighs in favor of a stay. *Randolph*, Dkt. 1554, Memorandum & Order, PageID# 9606. In Bradley's case, as discussed above, his family would bear the expenses of maintaining the property during the appeal, not the government. Thus, as in *Randolph*, this fact weighs for a stay.

---

[1] The value of 45669 Harmony Lane increased from approximately $220,000 to $420,000 between September 2014 and September 2019. https://www.zillow.com/homedetails/45669-Harmony-Ln-Van-Buren-Twp-MI-48111/ 88623449 _zpid. Likewise, 15355 Ohio Street's value increased from $17,300 to $33,200 in the same period. https://www.zillow.com/homedetails/15355-Ohio-St-Detroit-MI-48238/88350033_zpid. The value of 16616 Lesure Street increased from $23,400 to $29,100 in that period. https://www.zillow.com/homedetails/16617-Lesure-St-Detroit-MI-48235/88708840_zpid. And 14427 Curtis Street's value increased from $13,100 to $27,000. https://www.zillow.com/homedetails/14427-Curtis-St-Detroit-MI-48235/88327985_zpid.

Because all four factors point toward staying the forfeiture order, the Court should use its discretion to issue a stay while Bradley's case is on appeal. The Court should stay the money judgment because there is some likelihood that Bradley's challenge to the order will succeed. Moreover, if the Court stays only the forfeiture but not the money judgment order, the government could try to seize Bradley's properties to satisfy the money judgment, effectively nullifying a stay of the forfeiture order.

## Conclusion

For the reasons above, Bradley respectfully requests that this Court grant his motion to stay the forfeiture and money judgment orders pending his appeal.

Respectfully submitted,

*/s/ Melissa M. Salinas*
MELISSA M. SALINAS (MI-P69388)
University of Michigan Law School
Federal Appellate Litigation Clinic
Jeffries Hall, Room 2058
701 South State Street
Ann Arbor, MI 48109
(734) 764-2724
salinasm@umich.edu

*Counsel for Benjamin Bradley*

## CERTIFICATE OF SERVICE

I hereby certify that this motion and memorandum of law was filed on September 19, 2019, using the Court's ECF system, which will send notice of this filing to all counsel of record indicated on the electronic receipt.

*/s/ Melissa M. Salinas*
MELISSA M. SALINAS (MI-P69388)
University of Michigan Law School
Federal Appellate Litigation Clinic