# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 3:15-cr-0037-2 |
| ) | Judge Aleta A. Trauger |
| BENJAMIN BRADLEY ) | |

## ORDER

Before the court is defendant Benjamin Bradley's Motion to Stay the Court's Forfeiture and Money Judgment Order pending Conclusion of Appeal (Doc. No. 1211), under Rule 32.2(d) of the Federal Rules of Criminal Procedure. He seeks to stay the forfeiture of his home in Belleville, Michigan (the "Harmony Lane property") and three other pieces of real property located in Detroit, Michigan. He also seeks to stay execution of the money judgment entered against him, arguing that, if the court stays only the forfeiture but not the money judgment order, the government could try to seize Bradley's properties to satisfy the money judgment, effectively nullifying a stay of the forfeiture order. (Doc. No. 1211, at 6.) The government opposes the motion. (Doc. No. 1213.)

Rule 32.2(d) provides that, "[i]f a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review." A stay pending appeal "'is not a matter of right,' but is rather 'an exercise of judicial discretion' that requires examining 'the circumstances of the particular case.'" *Ohio State Conference of N.A.A.C.P. v. Husted*, 769 F.3d 385, 387 (6th Cir.

2014) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009) (further internal quotations omitted)). "'The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'" *Id.* (quoting *Nken*, 556 U.S. at 433–34).

The Sixth Circuit has not articulated a standard for reviewing motions to stay forfeitures pending appeal and, as the government notes, the law in this area is not well developed. *Accord United States v. Silver*, No. 15-CR-93 (VEC), 2018 WL 4440496, at *10 (S.D.N.Y. Sept. 17, 2018) ("[T]he law governing when a district court should exercise its discretion to stay a forfeiture order has not been extensively developed." (citation omitted)). However, courts considering whether a forfeiture order should be stayed pending appeal generally consider four factors: "(1) the likelihood of success on appeal; (2) whether the forfeited asset is likely to depreciate over time; (3) the forfeited asset's intrinsic value to defendant (*i.e.*, the availability of substitutes); and (4) the expense of maintaining the forfeited property." *United States v. Peters*, 784 F. Supp. 2d 234, 235 (W.D.N.Y. 2011) (citations omitted); *accord United States v. Ngari*, 559 F. App'x 259, 272 (5th Cir. 2014) (holding that the district court did not abuse its discretion in considering these factors) (citing *United States v. Droganes*, 893 F. Supp. 2d 855, 894 (E.D. Ky. 2012); *United States v. Peters*, 784 F. Supp. 2d 234, 235 (W.D.N.Y. 2011); *United States v. Riedl*, 214 F. Supp. 2d 1079, 1082 (D. Haw. 2001)). Although the parties agree that these factors are relevant, they disagree as to which party benefits from their assessment.

The court finds, first, that the appeal raises issues on which reasonable minds may disagree, in an area of the law that is in flux, thus tipping the scale in favor of the defendant on this factor. *Accord Peters*, 784 F. Supp. 2d at 235. Regarding the likelihood that the forfeited assets may depreciate over time, the defendant points out that the properties have increased in value, some of them by almost double, between 2014 and 2019. He also asserts that his family is maintaining the

3

properties and has incentive to continue to do so, because the defendant's wife rents the properties, which allows her to "pay the bills for her and her children." (Doc. No. 1211, at 5.) The defendant also insists that, if the properties were seized now, the defendant's wife and children would lose their home, for which there is no available substitute, thus causing irreparable harm. Finally, the defendant represents that his family is willing to bear the expense of maintaining the properties during the appeal.

The court finds that each of these factors weighs in favor of granting the stay. If the properties are adequately maintained by the defendant's family, they are not likely to depreciate over time. The defendant's home certainly has intrinsic value to him and his family, as it is their only residence. The defendant's family is willing to incur the expense of maintaining the forfeited properties.

The government points out that the defendant's wife listed the Harmony Lane property for sale at one point, thus "undercutting" the claim that the property has intrinsic value to the defendant. The government is also concerned that tax records reflect that the defendant and his family have failed to pay property taxes for the past several years on the Harmony Lane property and that there is a risk that one or more of the other properties could be "sold off, perhaps in an unofficial or off-the-books transaction, during the pendency of the appeal." (Doc. No. 1213, at 5.) The government questions whether the defendant and his family maintain insurance on the forfeited properties and whether property taxes, plus interest and fees, will continue to accrue on all the properties. These are not unreasonable concerns, but they may be mitigated by conditions on the stay, particularly given the defendant's expressed willingness to ensure that his family covers the expense of maintaining the properties pending appeal.

The court therefore **GRANTS** the Motion to Stay the Court's Forfeiture and Money

Judgment Order pending Conclusion of Appeal (Doc. No. 1211), but subject to the following conditions:

1. The properties subject to forfeiture shall not be sold or otherwise conveyed during the pendency of the appeal and while this stay is in effect, except with the government's permission.

2. The defendant's family shall maintain the properties.

3. The defendant and his family shall maintain property insurance on the Harmony Lane property during the pendency of the appeal.

4. The defendant and his family shall pay the back property taxes on the Harmony Lane property within six months from the date this order is entered and shall pay the property taxes on all the properties subject to forfeiture in a timely manner going forward, until such time as the appeal concludes or this stay is lifted.

If the government believes the properties are not being maintained, that their value is depreciating, or that property taxes are not being paid, it may move to lift this stay.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge