IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:15-cr-00037-2 |
| | ) | Judge Trauger |
| BENJAMIN BRADLEY | ) | |
| | ) | |

### ORDER

The defendant filed a Second Request for Compassionate Release on January 5, 2021 (Doc. No. 1311), six months after the court denied his first request (Doc. No. 1277). The court appointed counsel, who filed a Supplement to Second Motion for Compassionate Release (Doc. No. 1320), to which the government has filed a Response (Doc. No. 1322), and the defendant has filed a Reply (Doc. No. 1327). The defendant submitted a second request to his Warden on November 9, 2020, to which he has received no response. Therefore, he has exhausted his administrative remedies a second time.

The major change in circumstances since the first motion is the fact that the Centers for Disease Control changed its evaluation of the condition of obesity as it relates to COVID-19. The CDC reduced from 40 to 30 the BMI that places one at increased risk for serious illness from COVID-19. This defendant's medical records document that his BMI is 41.1, which is severe obesity that does place him at increased risk. In addition, he has stage 2 hypertension which, according to the CDC "might" place one at increased risk of serious illness. In addition, he has been diagnosed with sleep apnea and is now on a CPAP machine. He has tested negative for COVID-19 three times.

The defendant is housed at FCI Milan and has served 6 years in the Bureau of Prisons, approximately 40% of the 204-month custody sentence imposed. He has no disciplinary history in the BOP, has participated in many courses, and completed drug education. He has worked as an orderly and in sanitation. He was earlier determined appropriate for home confinement by the BOP but was not released. The BOP has designated him at "minimum risk" of recidivism.

Mr. Bradley was the chief supplier of opioids in this 18-defendant drug conspiracy case. He and Donald Buchanan were the top defendants in this conspiracy, and both received custody sentences of 144 months. This defendant has no violent history, and no weapons were involved in his participation in this offense. Before this sentence, Bradley had served little or no time and was in criminal history category I. Buchanan, on the other hand, had a criminal history and, as the government stated at Buchanan's sentencing, did not have in his favor "the mitigating factors that the Court relied on when it sentenced Bradley. In particular, Buchanan does not have the same history of gainful employment, does not have several young dependent children, and does not have the same depth or breadth of support from members of his community." (Doc. No. 918 at 12). In addition, Buchanan came "perilously close to obstruction of justice" just prior to his sentencing (Doc. No. 918 at 13).

The defendant has supported his motion with a multitude of letters from not only family members but former co-workers and other members of his community, attesting to his good character as a father, family member, and employee. (Doc. No. 1311 at 8-23). His motion and letters to the court (Doc. Nos. 1312, 1315) reflect genuine remorse and offer explanations, but not excuses, for his participation in this conspiracy. One of his sisters, a co-defendant whom the government called to testify at his sentencing hearing, even wrote a letter of support.

The defendant's medical conditions would qualify him for compassionate release, and the sentencing factors of 18 U.S.C. § 3553(a) do not strongly militate against his early release. This basically first offender has served 6 years in the custody of the Bureau of Prisons, and that punishment should be sufficient to reflect the seriousness of his offense, promote respect for the law, provide a just punishment, protect the public from further crimes of the defendant, and provide him with correctional treatment. He has a solid release plan that has been investigated and approved by the Probation Office. Were it not for the government's recent filing, the defendant's Second Motion for Compassionate Release would be granted.

On April 14, 2021, the government filed a Notice Regarding Vaccine, In Connection With Defendant's Motion for Compassionate Release (Doc. No. 1328). This filing establishes that, on April 9, 2021, the defendant received his first Moderna vaccine shot. The Moderna vaccine has proven to be highly effective in preventing infection from the COVID-19 virus. Therefore, as several other courts have already held, the defendant will shortly be substantially fully protected from contracting COVID-19, and his medical conditions, therefore do not provide extraordinary and compelling reasons for his immediate compassionate release.

For these reasons, the defendant's motion is DENIED.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
U.S. DISTRICT JUDGE