IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RECEIVED
MAY 03 2021
US DISTRICT COURT
MID DIST TENN

United States of America,

    Plaintiff,

v.

Case No: 3:15-cr-00037-2
Honorable Judge Aleta Trauger

Benjamin Bradley,

    Defendant.
                        /

## MOTION TO RECONSIDER DENIAL OF SECOND MOTION
## FOR COMPASSIONATE RELEASE UNDER § 3582

COMES NOW, Benjamin Bradley, pro se Defendant, and moves this Honorable Court to reconsider its denial of his second motion for compassionate release (Doc. Nos. 1311, 1320) for the reasons stated below, and respectfully requests that this Court vacate its previous denial (Doc. No. 1332) and grant the Defendant compassionate release. In support thereof, Mr. Bradley would incorporate by reference his filings in docket entries, 1311, 1312, 1315, 1316, 1320, and 1327, and further state the following:

### BACKGROUND

On 04/15/21, this Court found that the totality of Mr. Bradley's circumstances, including his risk of severe complications and death from COVID-19, the sentencing disparity with his co-defendant, his family and community support, his solid release plan, his substantial time-served, his exemplary post-sentencing conduct, his lack of violent history or significant criminal history, and his minimal risk of recidivism qualified him for compassionate release. See Doc. No. 1332. However, a last minute filing by the government argued that because Mr. Bradley had received the first dose of the Moderna COVID-19 vaccine, he should now be precluded from

-1-

compassionate release because he will be "fully protected from contracting COVID-19." Subsequently, this Court concluded, "Were it not for the government's recent filing, the defendant's Second Motion for Compassionate Release would be granted." Doc. No. 1332, PageID# 6303.

However, Mr. Bradley respectfully asks this Court to reconsider its denial of his second motion for compassionate release for new reasons. First, upon recently learning of the compassionate release of another FCI-Milan inmate on April 15, 2021 despite being fully vaccinated, the defendant now believes that a full analysis of the facts regarding COVID-19, the Moderna vaccine, and his particular circumstances will sway the Court in his favor.

## ARGUMENTS

### 1. The vaccine does not offer 100% protection.

The Moderna vaccine offers no protection from COVID-19 for 10 days after the first shot, about 52% protection 2 weeks after the first dose, and within a week or two of the second dose, about 94% protection.[1] Dr. Paul Offit, infectious disease specialist, Director of the Vaccine Education Center at Children's Hospital of Philadelphia, and member of the Food and Drug Administration's Vaccine Advisory Board, cautioned: "That's not 100%. That means that one out of every 20 people who get this vaccine could still get moderate to severe infection."[1] This explains why over 330 fully vaccinated people in Michigan have tested positive for COVID-19,[2] and why Officer Potter, Education Specialist at FCI-Milan, just returned from a 2-week sick leave because of COVID-19 despite being fully vaccinated. Doing the math, with about 1300 inmates and 400 staff, nearly 100 people surrounding Mr. Bradley could be infected at any given time, and that's optimistically assuming a 100% vaccination rate.

## 2. Mr. Bradley will be safer at home than in prison.

Even if Mr. Bradley eventually receives the second dose of vaccine, he will remain in close contact with hundreds of people who have not. Earlier in April, BOP Director Carvajal recently admitted to the Senate Judiciary Committee that even though all BOP employees have been offered vaccination, only 51% have accepted. Similarly, only a minority of inmates at FCI-Milan have been fully vaccinated, either by choice or by lack of vaccine supply. This is at an institution that has already demonstrated significant deficiencies in protecting its inmates and staff from COVID-19, according to the Department of Justice Office of the Inspector General's report on FCI-Milan's response to the pandemic.[3] This report highlights the increased danger Mr. Bradley faces by continuing to be assigned to an "open bay dorm." A danger explained by Mr. Carvajal to the Senate when he stated that prisons were not made for social distancing, rather the opposite, they were made to "contain people closely."[4]

This ongoing risk of exposure is in sharp contrast to living at home where Mr. Bradley will be able to easily practice social distancing from his two fully vaccinated parents.

## 3. Emerging and spreading coronavirus variants increase Mr. Bradley's risk.

New COVID-19 variants change the equation in unknown ways. The effectiveness studies that established that the Moderna vaccine is 94% effective were done with <u>only the original strain of coronavirus</u>. The current regional surges are due to newer strains. New strains emerge every week, and with countries like India recording over a <u>quarter million new cases per day</u>, there is no doubt that new strains will continue to emerge and spread.[5] The effectiveness of the vaccine against these new strains is not known. The CDC states that coronavirus strains have been identified that may allow faster spread, may lead to more severe disease, and may "evade vaccine-induced immunity." See, https://www.

Case 3:15-cr-00037   Document 1333   Filed 05/03/21   Page 3 of 10 PageID #: 6306

cdc.gov/coronavirus/2019-ncov/more/science-and-research/scientific-brief-emerging-variants.html. For example, the vaccines "are slightly less protective against the variant from South Africa, which may be more adept at dodging antibodies in the bloodstream."[6] Additionally, a new varaint [B.1.526] is "spreading rapidly through New York City, and carries a worrisome mutation that may weaken the effectiveness of vaccines."[7] These are just two of the hundreds of variants that have been identified so far.

### 4. Mr. Bradley's health conditions may lower the effectiveness of the vaccine.

The Court has found that Mr. Bradley's severe obesity puts him at high risk for severe complications and death from COVID-19. According to the CDC, these risks include "imparied immune function[,] ... decreased lung capacity" and a "tripled" risk of hospitalization. Importantly, the CDC goes on to state that studies have shown "obesity may be linked to lower vaccine responses for numerous diseases." See, https://www.cdc.gov/obesity/data/obesity-and-covid-19.html. No studies to date have evaluated the impact of obesity on the effectiveness of the Modern COVID-19 vaccine.

### 5. We do not know when the vaccine's protective effect will wear off.

Even the BOP admits that the CDC does not know how long the protective effect of the vaccines will last. "Experts are still learning more about how long vaccine protect against COVID-19 in real-world conditions."[8]

### 6. The BOP cannot tell Mr. Bradley when (or if) he will be fully vaccinated.

Mr. Bradley has only received a single dose of the vaccine. The FCI-Milan Health Services Department has been unable to tell when, or if, Mr. Bradley will receive a second dose. Numerous courts have declined to deny compassionate release based upon the mere existence of the vaccine, when a definite and confirmable plan was not in place as to when the individual defendant would receive the vaccine. The same should apply here because incarcerated people

-4-

can still get sick during the time it takes to reach maximum immunity. See, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/facts.html. See also, as examples, <u>United States v. Hargrove</u>, 2021 WL 170836, at \*7 (D. Conn. Jan. 19, 2021) ("the Court cannot predict when [Defendant] could receive both vaccinations. Given the uncertainty, the potential availability of the vaccine does not undercut [Defendant]'s argument that 'extraordinary and compelling' reasons exist to warrant his release <u>now</u>.") (emphasis added); <u>United States v. Adkins</u>, 2021 U.S. Dist. LEXIS 28492, at \*15 (D. S.D. Feb. 16, 2021) (noting "The new strains and variants of COVID-19 only add to the risk and uncertainty"); <u>United States v. Soto</u>, 2021 U.S. Dist. LEXIS 34272 (E.D. Mich. Feb. 24, 2021); <u>Smith v. United States</u>, 2021 U.S. Dist. LEXIS 24015 (E.D. Mich. Feb. 9, 2021); etc.

## 7. <u>Perhaps most importantly, being fully vaccinated has not precluded courts from granting compassionate release</u>.

Most notably, see <u>United States v. Sweet</u>, 2021 U.S. Dist. LEXIS 72479 (E.D. Mich. April 15, 2021). Sweet was serving time for four counts of production of child pornography, the subject of which was a developmentally disabled child that he was convicted of raping. He also had a criminal history significant for murdering one wife, and was under investigation for murdering a second wife. Sweet moved for compassionate release based upon his health risks in the context of the COVID-19 pandemic, and his release from <u>FCI-Milan</u> was granted <u>despite being fully vaccinated</u>. "Although the Court agrees with the government that recovering from COVID-19 and being fully vaccinated decreases one's liklihood of severe COVID-19 symptoms, recent data reveals that the threat of severe illness or death from COVID-19, while diminished, is nevertheless real." <u>Sweet</u>. See also, for other examples, <u>United States v. Seng</u>, 2021 U.S. Dist. LEXIS 54762 (S.D.N.Y. Mar. 23, 2021); <u>United States v. Medicine Horse</u>, 2021 U.S. Dist. LEXIS 51344 (D. Mont. Mar. 18, 2021); <u>United States v. Wilson</u>, 2021 U.S.

Dist. LEXIS 45881 (D. Ore. Mar. 10, 2021); etc. (all granting compassionate release to fully vaccinated defendants).

CONCLUSION

In summary, the singular reason that Mr. Bradley's second motion for compassionate release was denied was the finding that he "will shortly be substantially fully protected from contracting COVID-19," based upon an unopposed brief filed at the last minute by the government. However, a close examination of the data (or lack thereof) shows that Mr. Bradley's risk is still significant enough that, when combined into the totality of his circumstances, warrants compassionate release.

At its peak, the efficacy of the Moderna vaccine after a second dose is 94% against the original coronavirus strain. No one knows how long that protection will last, how effective the vaccine is and will be against the newer and newly dominant variants, and whether the vaccine is so effective given Mr. Bradley's obesity. Meanwhile, Mr. Bradley continues to be in close contact with unvaccinated staff and inmates in an institution that has a demonstrated failure of protecting its inmates from COVID-19.

Other courts have granted compassionate release to otherwise deserving inmates despite being fully vaccinated. Given the totality of Mr. Bradley's circumstances, including his clearly documented health risks, his minimum recidivism risk, his lack of violence or other significant criminal history, his post-sentencing conduct as a model prisoner, his substantial and sufficient time served, and his solid release plan and significant family and community support, this Court should do the same. In fact, given the above, the only way to compassionately assure that Mr. Bradley is substantially protected from COVID-19 is to release him to a home where he can practice social distancing and other CDC recommendations away from close contact with unvaccinated BOP staff and inmates.

WHEREFORE, based upon the foregoing, Benjamin Bradley, pro se Defendant, respectfully

requests that this Honorable Court RECONSIDER and REVERSE its previous denial of his second motion for compassionate release and ORDER him immediately released from BOP custody to supervised release at his parents' home.

Respectfully Submitted,

DATE: 4/26/2021

*B. B.*
Benjamin Bradley
pro se

Reg. No. 50878-039
FCI Milan
P.O. Box 1000
Milan, MI. 48160

## ENDNOTES

1. "Why You Should Still Wear A Mask And Avoid Crowds After Getting The COVID-19 Vaccine," National Public Radio, at https://www.npr.org/sections/health-shots/2021/01/12/956051995/why-you-should-still-wear-a-mask-and-avoid-crowds-after-getting-the-covid-19-vac.

2. <u>United States v. Sweet</u>, 2021 U.S. Dist. LEXIS 72479, citing The Detroit Free Press, at https://www.freep.com/story/news/local/michigan/2021/04/06/vaccinated-covid-19-contract-virus-coronavirus/7101678002/.

3. "Pandemic Response Report 21-032: Remote Inspection of Federal Correctional Institution Milan," Department of Justice, Office of the Inspector General.

4. BOP Director Michael Carvajal's Testimony. April 15, 2021, Senate Judiciary Committee, Oversight of the Federal Bureau of Prisons.

5. The Week. April 30, 2021 issue.

6. "As Virus Grows Stealthier, Vaccine Makers Reconsider Battle Plans," The New York Times, at https://www.nytimes.com/2021/01/25/health/coronavirus-moderna-vaccine-variant.html.

7. "A New Coronavirus Variant Is Spreading In New York, Researchers Report," The New York Times, at https://www.nytimes.com/2021/02/24/health/coronavirus-variant-nyc.html.

8. Citing https://www.cdc.gov/coronavirus/2019-ncov/vaccines/facts.html.

## CERTIFICATE OF SERVICE

I, Benjamin Bradley, declare under penalty of perjury that true copies of this document were placed into the FCI-Milan Institutional Mailing System, pre-paid USPS First Class mail, on the _____ day of April, 2021, addressed to the following recipients:

Clerk of the Court
U.S. District Court
Middle District of Tennessee
801 Broadway
Nashville, TN 37203

United States Attorney's Office
Middle District of Tennessee
110 Ninth Avenue South, Suite A-961
Nashville, TN 37203

                                                  _____
                                                  Benjamin Bradley



Benjamin Bradley 50878039
Federal Correctional Institution
Po Box 1000
Milan, Mi. 48160

Honorable Judge A. Trauger
801 Broadway
Nashville, TN 37203

RECEIVED
MAY 03 2021
US DISTRICT COURT
MID DIST TENN