IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BENJAMIN EDWARD HENRY BRADLEY, | ) Case No. 3:15-cr-00037-2 |
| Defendant, | ) Judge Aleta A. Trauger ) |
| and | ) ) |
| KAREEMA HAWKINS, | ) ) |
| Petitioner. | ) ) |

## MEMORANDUM and ORDER

Before the court is petitioner Kareema Hawkins' Motion to Alter or Amend a Judgment. (Doc. No. 1394.) Citing Rule 59(e) of the Federal Rules of Civil Procedure, Hawkins seeks the court's reconsideration of the Order (Doc. No. 1389) granting the government's Motion for Entry of a Final Order of Forfeiture as to Certain Assets ("Forfeiture Motion") (Doc. No. 1376), specifically including real property commonly known at 45669 Harmony Lane, Belleville, Michigan 48111 (the "Property" or "Harmony Lane Property"), and denying Hawkins' claim to the same Property.

Under Rule 59(e), a court may alter or amend a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

A Rule 59(e) motion is not "an opportunity to reargue a case" or raise arguments that could or should have been raised before the court issued the judgment. *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Rule 59(e) motions are "extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046 (W.D. Ky. Apr. 19, 2007) (citation omitted). Where a party simply disagrees with a district court's conclusions, the appropriate vehicle for relief is appeal, not a motion to alter or amend a judgment. *Graham ex rel. Estate of Graham v. Cty. of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004). "The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Scotts Co. v. Cent. Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir. 2005) (citation and internal quotation marks omitted), *abrogated on other grounds*, *Allied Indus. Scrap, Inc. v. OmniSource Corp.*, 776 F.3d 452 (6th Cir. 2015).

Hawkins argues that the court committed an error of law and denied her due process by not holding a hearing before granting the government's Forfeiture Motion, thus rendering the Order void. (Doc. No. 1394, at 3–4.) She also argues that she is entitled to application of the innocent spouse exception, because the Harmony Lane Property was awarded to her in her divorce from defendant Benjamin Bradley.

Even assuming that Rule 59 provides an avenue for relief under the circumstances, Hawkins' motion is without merit. Because the facts were undisputed, no hearing was required. Moreover, the motion simply seeks to rehash arguments the court already considered and rejected as without merit. As the court explained in the Memorandum and Order granting the Forfeiture Motion, the Harmony Lane Property was purchased by Benjamin Bradley alone in early 2014, during his marriage to Hawkins, using proceeds of the drug conspiracy that led to his conviction

in this case. Under the relation-back doctrine codified at 21 U.S.C. § 853(c), the government's interest in the Harmony Lane Property vested at the time of the purchase of the property, which means that Hawkins cannot show that any legal right, title, or interest in the property *ever* vested in her. 21 U.S.C. § 853(n)(6)(A). She also cannot show that, at the time of the conveyance of the Property to her in the divorce, she was "reasonably without cause to believe that the property was subject to forfeiture." *Id.* § 853(n)(6)(B); *see also* 18 U.S.C. § 983(d)(3)(A). The law does not support her claim that the Property constituted marital property that could be awarded to her in the divorce, because an individual's right to marital property does not vest until the filing of a divorce action. *In re Slotman*, No. 12-80232, 2013 WL 7823003, at *8 (Bankr. W.D. Mich. Dec. 5, 2013). In this case, by the time the divorce proceeding between Hawkins and Bradley was filed, the government's interest in the Harmony Lane Property had long since already vested, so the Property never became part of the marital estate and, consequently, could not validly be conveyed to Hawkins in the divorce.

The Rule 59 Motion (Doc. No. 1394), therefore, is **DENIED**.

Because Hawkins is no longer represented by Antonio Tuddles, the Clerk shall mail a copy of this Memorandum and Order directly to Kareema Hawkins at 45669 Harmony Lane, Belleville, MI 48111.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge