IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BENJAMIN EDWARD HENRY BRADLEY, | )    Case No. 3:15-cr-00037-2 |
| | )    Judge Aleta A. Trauger |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Now before the court is defendant Benjamin Bradley's *pro se* Emergency Motion to Stay Forfeiture Order (Doc. No. 1397), pending the resolution of his recently filed motion under 28 U.S.C. § 2255. Bradley explains that he is "primarily concerned with saving his family home at 45669 Harmony Lane, Belleville, Michigan 48111, which is currently occupied by his wife and young children." (Doc. No. 1397, at 1.) He has filed a (second) § 2255 motion in which he claims ineffective assistance of counsel in connection with the forfeiture of the Harmony Lane residence (the "Property"). *See Bradley v. United States*, No. 3:22-cv-00400 (M.D. Tenn. May 31, 2022) (Doc. No. 1). Having been directed by the court to do so, the government has filed a Response in Opposition to the Emergency Motion to Stay. (Doc. No. 1400.)

The matter of the forfeiture of the Property has been extensively litigated, and the court will not reiterate the procedural history of that litigation other than to state that the forfeiture order that Bradley seeks to stay was first issued in 2017 and has now been the subject of two hearings, two appeals, and various rounds of third-party litigation. As all possible avenues for direct appeal of the forfeiture order have long since been exhausted, Bradley now asks the Court to stay forfeiture pending the resolution of his recently filed second § 2255 motion.

The court f does not have legal authority to stay a final forfeiture order pending the resolution of a § 2255 motion. "The only authority for a district court to stay a forfeiture order is found in 21 U.S.C. § 853(h) and Rule 32.2 of the Federal Rules of Criminal Procedure." *United States v. Brown*, No. 3:18-cr-89-MMH-MCR, 2022 WL 1197677, at *3 (M.D. Fla. Apr. 21, 2022). Section 853(h) only applies to the "application of a person, *other than the defendant or a person acting in concert with him or on his behalf*," 21 U.S.C. § 853(h) (emphasis added), so Bradley "cannot request a stay under § 853(h) because he is the defendant." *Brown*, 2022 WL 1197677, at *3. Rule 32.2(d) authorizes stays that "ensure that the property remains available *pending appellate review*." Fed. R. Crim. P. 32.2(d) (emphasis added). Bradley cannot request a stay under Rule 32.2, because his forfeiture appeal is not pending. *Accord Brown*, 2022 WL 1197677, at *3. Instead, the appeal has already been ruled upon, and this court's forfeiture order was affirmed by the Sixth Circuit. *United States v. Bradley*, 969 F.3d 585, 592 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 2763 (2021).

Moreover, Bradley "cannot use § 2255 to collaterally attack a forfeiture order because § 2255 allows a defendant to attack only the custodial aspects of his sentence." *Brown*, 2022 WL 1197677, at *3. By its terms, § 2255 applies only to "[a] prisoner in custody under sentence of a court established by Act of Congress *claiming the right to be released*" from custody. 28 U.S.C. § 2255(a) (emphasis added). As the court explained in *Brown*, "28 U.S.C. § 2255 does not offer relief from the non-custodial features of a criminal sentence. Nor does it matter if [the defendant] couches his forfeiture challenges in terms of ineffective assistance of counsel because ultimately he is still challenging a non-custodial aspect of his sentence." *Brown*, 2022 WL 1197677, at *3. *Accord United States v. Rafiq*, No. 4:16-cr-00243-O, 2021 WL 3434989, at *2 (N.D. Tex. July 13, 2021) ("The Court also should not stay the Final Order of Forfeiture because of the pendency of

the appeal of Rafiq's § 2255 motion because that appeal does not affect the final order."), *report and recommendation adopted*, 2021 WL 3419709 (N.D. Tex. Aug. 2, 2021); *United States v. Jones*, No. 7:08-CR-28-KKC, 2012 WL 6004156, at *3 (E.D. Ky. Nov. 30, 2012) ("Rule 32.2 . . . does not provide for a stay where a defendant appeals from an order denying a § 2255 motion."); *United States v. McCrea*, No. 7:11-cr-00089-001, 2014 WL 123172, at *3 n.5 (W.D. Va. Jan. 13, 2014) ( "Rule 32.2 does not provide for a stay of forfeiture proceedings during the pendency of a § 2255 proceeding." (quoting *United States v. Sperow*, No. 1:06-cr-00126-BLW, 2011 WL 3837283, at *3 (D. Idaho Aug. 29, 2011)).

Because Bradley presents no authority for staying forfeiture proceedings pending a § 2255 motion, the Emergency Motion to Stay is **DENIED**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge