# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BENJAMIN EDWARD HENRY BRADLEY, ) <br> ) <br> Defendant. ) | Case No. 3:15-cr-00037-2 <br> Judge Aleta A. Trauger |

## ORDER

Defendant Benjamin Bradley seeks to appeal this court's Order denying his motion to stay a forfeiture order and the Order denying his motion to reconsider. The latter Order was entered on July 6, 2022 (Doc. No. 1413), making the notice of appeal due by July 20, 2022. Fed. R. App. P. 4(b)(1)(A). Bradley filed his Notice of Appeal on August 3, 2022, fourteen days late. The government raised the timeliness issue by filing a motion to dismiss the appeal in the Sixth Circuit Court of Appeals.

Rule 4(b)(4) provides that, "[u]pon a finding of excusable neglect or good cause, the district court may . . . extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." As the Sixth Circuit has noted, a notice of appeal filed by a criminal defendant after the fourteen-day deadline but before the expiration of the thirty-day period for seeking an extension under Rule 4(b)(4) is to be treated as a request for an extension of time to file an appeal. *See United States v. Payton*, 979 F.3d 388, 390 (6th Cir. 2020). Because Bradley filed his notice of appeal within the thirty-day period for seeking an extension, the Sixth Circuit has remanded his appeal to this court for the limited purpose of

determining whether Bradley can show excusable neglect or good cause warranting an extension of the appeal period under Rule 4(b)(4).

Following the government's filing of a motion to dismiss the appeal as untimely, Bradley submitted a letter to the Sixth Circuit in which he explains that, from Thursday, June 30, 2022 until he was transferred to home confinement on Wednesday, July 13, 2022, he was in the FCI Milan Segregated Housing Unit ("SHU") with no access to any legal materials. In addition, he states that he was unable to change his address with the district court in advance of his transfer, because he did not know his exact transfer date. As a result, he did not receive notice of the Order denying his motion for reconsideration until July 27, 2022. His letter to the Clerk of this court giving notice of his change of address is dated July 22, 2022, though it was not received and docketed in this court until August 1, 2022. (Doc. No. 1417.) The Notice of Appeal is dated July 28, 2022, but it was postmarked August 3 and received and docketed in this court on August 9, 2022. (Doc. No. 1419.)

Under these circumstances, given the appellant's *pro se* status, his transfer, his lack of notice of the Order he seeks to appeal, and his promptly notifying the court of his change of address and filing the notice of appeal once he did receive notice, the court finds that the delay in filing the notice of appeal is due to excusable neglect and that Bradley should be granted an extension of the fourteen-day deadline to file a notice of appeal.

Accordingly, the deadline is hereby extended, *nunc pro tunc*, for fourteen days "from the expiration of the time otherwise prescribed by this Rule 4(b)," as permitted by Rule 4(b)(4), making the August 3, 2022 filing timely.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge